[No. 20655.   Department Two. — August 1, 1890.]

THE PEOPLE, RESPONDENT, *v.* WELLINGTON STEW-
ART, APPELLANT.

CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT RAPE — EVIDENCE OF
OTHER LEWD ACTS. — Upon the trial of a person charged with an as-
sault with intent to commit rape upon a young girl under fourteen years
of age, evidence tending to show lewd, immoral, and indecent conduct
of the defendant with other young girls, and tending to show lewd acts
and occurrences between the defendant and such other girls, and en-
deavors to corrupt them, is inadmissible, and the admission of such
evidence is ground of reversal.

ID. — PROOF OF OTHER LIKE OFFENSES — CRIMINAL INTENT — EXCEPTION
INAPPLICABLE. — The general rule is well settled that the prosecution
cannot prove the commission by the defendant of other like offenses, for
the purpose of increasing the likelihood that he committed the particu-
lar offense with which he was charged, though in some exceptional
cases proof of other acts is allowed in order to show the *intent* with
which the act charged was done; but this exception does not apply to
the case of an assault with intent to commit rape upon a female child
under the age of fourteen years.

ID. — AGE OF CONSENT — PROOF OF FORCE OR INTIMIDATION — INSTRUC-
TION. — To constitute the offense of an assault with intent to commit
rape, if the acts charged were committed after the prosecuting wit-
ness became of the age of consent, some force or intimidation must be
shown, or some want of consent on her part; but if they were commit-
ted while she was not of such age, the defendant would be guilty,
whether the prosecuting witness actually consented or not; and if the
acts complained of might have occurred in both periods, the instruc-
tions should carefully distinguish between them.

APPEAL from a judgment of the Superior Court of
San Diego County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*William Darby,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J. — Defendant was indicted for and con-
victed of the crime of an assault with intent to commit
rape upon the person of one Myrtle Collins, "a female

child under the age of fourteen years." He appeals from the judgment, and from an order denying him a new trial.

The appellant relies, among other grounds for reversal, upon the alleged error of the trial court in admitting evidence tending to show lewd, immoral, and indecent conduct of appellant with persons other than said Myrtle Collins, and tending to show lewd acts and occurrences between appellant and such other persons. The evidence of the prosecution, with the exception of the testimony of Myrtle Collins herself, consisted almost entirely of the testimony of five or six witnesses, to the effect that appellant had been guilty of lewd conduct with several other young girls, and tending to show that he endeavored to corrupt said other girls, and that he had sexual intercourse with some of them. This evidence was objected to by appellant, who took proper exceptions to its admission. The admission of this evidence was clearly reversible error. There is no general rule more firmly settled than that the prosecution cannot prove the commission by a defendant of other offenses, for the purpose of increasing the likelihood that he committed the particular offense with which he is charged. (*People* v. *Lenon*, 79 Cal. 628; *People* v. *McNutt*, 64 Cal. 116; *People* v. *Barnes*, 48 Cal. 551.) There is an exception to the rule which allows proof of other acts, in some exceptional cases, in order to show the *intent* with which the act charged was done; but this exception does not apply to the case at bar. Moreover, the precise point was decided in *People* v. *Bowen*, 49 Cal. 654. In that case the court say: "At the trial the ·court allowed the prosecution, against defendant's objection, to introduce in evidence the declarations of defendant concerning his misconduct with other young girls. The attorney-general admits that this was error, and we agree with the attorney-general. Judgment and order denying a new trial reversed, and cause remanded for a new trial." And

for this reason the same order must be made in the case at bar. (And in this case we do not understand the attorney-general as seriously insisting that the ruling of the court on this point was not erroneous.)

We see no need of examining the other points in detail. We may say, however, that we think the indictment sufficient, and that the rulings of the court in giving and refusing instructions were, taken together, not erroneous. The statute formerly made the age of consent ten years. An amendment making that age fourteen years took effect on May 15, 1889. The prosecuting witness was fourteen years old on May 18th of that year. (We take these figures to be correct, because they are so stated in the instructions and in the brief of appellant.) Most of the acts of appellant, as testified to by the prosecuting witness, occurred before May 15th, and while she was, under the law as it then stood, of the age of legal consent. She testified, however, to some of such acts as occurring between the 15th and 18th, when she could not legally consent. Perhaps, therefore, the instructions should more clearly distinguish those two periods. If appellant did the acts charged between the 15th and 18th of the said month, he would be guilty, whether the prosecuting witness actually consented or not; but if they were committed before the 15th, or after the 18th, then, in order to constitute the offense charged, some force or intimidation would have to be shown, or some want of consent on her part.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and BEATTY, C. J., concurred.