[Crim. No. 292.   Department One.—January 15, 1898.]

THE PEOPLE, Respondent, v. ANNIE ELLIOTT, alias Annie Parker, Appellant.

CRIMINAL LAW — ENTICING GIRL INTO HOUSE OF PROSTITUTION — PREVIOUS CHASTE CHARACTER—CONFLICT OF EVIDENCE—QUESTION FOR JURY.—Where the evidence for the prosecution was sufficient to show that the defendant enticed a young unmarried girl, twelve years old, of previous chaste character into a house of prostitution kept by the defendant, for the purpose of prostitution, any conflicting evidence as to her previous chaste character simply raises a question for the jury.

ID.—OPINION EVIDENCE OF WITNESS—ORDER STRIKING OUT.—It is not error to strike out answers of a witness as to what he judged from what he saw.

ID.—ERRONEOUS ADMISSION OF EVIDENCE—ENTICEMENT OF OTHER GIRLS.—The evidence of other young girls that the defendant had asked each of them to her house to have illicit intercourse with men, is inadmissible; and the admission of such evidence for the prosecution is prejudicially erroneous, and requires the reversal of a judgment of conviction.

INSTRUCTIONS—REPETITION UNNECESSARY.—Instructions given in substance need not be repeated at request of the defendant.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.  A. C. Hinkson, Judge.

The facts are stated in the opinion of the court.

Charles T. Hughes, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

THE COURT.—An information filed against the defendant charged that in May, 1896, she did "willfully, unlawfully, and feloniously inveigle and entice into a certain house in Sacramento city, county of Sacramento, state of California, one Daisy McCarty, who then and there was an unmarried female of previous chaste character and under the age of eighteen years, to wit, of the age of twelve years, for the purpose of prostitution and to have illicit carnal connection with men."

The case was tried and defendant found guilty.  She moved for a new trial, which was denied, and thereupon judgment

was entered that she be punished by imprisonment in the state prison at San Quentin for the term of five years and pay a fine of one thousand dollars. From that judgment and the order denying her motion for a new trial she has appealed.

The statute, section 266 of the Penal Code, provides: "Every person who inveigles or entices any unmarried female, of previous chaste character, under the age of eighteen years, into any house of ill-fame or of assignation, or elsewhere, for the purpose of prostitution, or to have illicit carnal connection with any man," is punishable, etc.

The evidence introduced by the prosecution was quite sufficient to show that Daisy McCarty was unmarried, was of previous chaste character, was only twelve years old, and was enticed by defendant into her own house for the purpose of having illicit carnal connection with men, and did have such connection. It is true there was a conflict in the evidence as to her previous chaste character, but that was a question for the jury, who saw and heard all the witnesses. There was no error in striking out the answers of the witness Wagner as to what he judged from what he saw.

Three other young girls were called as witnesses by the prosecution, and, over the objection of defendant, were permitted to testify that defendant had asked each of them to go to her house to have illicit intercourse with men.

This character of evidence was erroneously admitted. (*People v. Stewart*, 85 Cal. 174.) While there are exceptions to the general rule excluding evidence as to other offenses, this case is not within those exceptions. It comes squarely within the rule.

The instructions given by the court covered the whole case, and stated the law correctly. There was no error in refusing to give certain instructions asked by defendant, as the law stated therein was substantially and in effect given in other instructions. The rule is well settled that instructions given in substance need not be repeated. (*People v. Madden*, 76 Cal. 521; *People v. Doane*, 77 Cal. 560; *People v. O'Brien*, 78 Cal. 41; *People v. Adams*, 85 Cal. 232.)

The judgment and order are reversed, and cause remanded for a new trial.