[Crim. No. 124.  Third Appellate District.—June 18, 1910.]

THE PEOPLE, Respondent, v. HARVEY E. SMITH, Appellant.

CRIMINAL LAW—RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—PROOF OF VENUE.—On the trial of a prosecution for rape by defendant in having sexual intercourse with a female under the age of consent not his wife, it is held that, notwithstanding defendant's contention upon appeal that the venue was not proved, the proof was direct and satisfactory as to the county in which the crime was perpetrated.

ID.—EVIDENCE—EQUIVOCAL STATEMENT OF DEFENDANT—CONNECTION WITH OTHER EVIDENCE—QUESTION FOR JURY.—Evidence of a conversation with defendant in which he spoke of two sisters, and said

he "had one of them down on the bed the other night, and had felt of her, that she first fought, and finally gave way to him, and he could have had sexual intercourse with her if he had wanted to," was admissible, though he did not mention her name. Though he might have referred to either sister, yet such testimony was for the jury, and, taken in connection with the other evidence, the jury were justified in concluding that he referred to lewd conduct with the prosecutrix.

ID.—QUESTION AS TO CONDUCT WITH GIRL THIRTEEN YEARS OLD—ABSENCE OF MISCONDUCT OF DISTRICT ATTORNEY.—The district attorney was not guilty of misconduct by inquiry as to conduct of defendant with a girl thirteen years old, where the question was ruled out as not referring directly to the plaintiff, where he explained to the court that defendant made such remark without stating the name or when it occurred. It must be assumed that the district attorney acted in good faith, and believed that the evidence was relevant and referred to the prosecutrix.

ID.—DISALLOWING VIEW OF PREMISES—DISCRETION OF COURT—PREMISES FULLY DESCRIBED—PHOTOGRAPHS AND DRAWINGS.—The court did not abuse its discretion in disallowing an inspection of the premises where the crime was committed, where the premises were fully described to the jury by the witness, and photographs and drawings of them were received in evidence.

ID.—REQUEST AS TO CONVICTION ON UNCORROBORATED TESTIMONY OF PROSECUTRIX PROPERLY REFUSED—CORROBORATION—CAUTION.—The court did not err in disallowing an argumentative instruction requested by the defendant as to a conviction on the uncorroborated testimony of the prosecutrix, where there was some evidence of corroboration, and where the caution it required of the jury was sufficiently covered by the instructions given.

ID.—REQUEST AS TO FAILURE OF PROSECUTRIX TO MAKE "PROMPT AND SEASONABLE" COMPLAINT OF CRIME—INVASION OF PROVINCE OF JURY. The court properly refused a request as to the failure of the prosecutrix to make a "prompt and seasonable complaint" of the crime as involving an invasion of the province of the jury.

ID.—REQUEST AS TO "POLICY OF LAW" AS TO INNOCENT PERSONS.—The court properly refused a requested instruction as to the "policy of the law" as to innocent persons. The court is required to state to the jury the law, and not the reasons for its enactment or the nature of the public opinion which sanctions it.

ID.—REQUEST AS TO DUTY OF EACH INDIVIDUAL JUROR.—It was not necessary to give a request as to the duty of each individual juror to be convinced of the guilt of the defendant, as that was clearly implied in the several instructions given by the court as to the duty of the jury.

ID.—LAW COVERED BY CHARGE.—It may be said that every needful instruction was given to the jury to enable them to consider and de-

termine intelligently the facts bearing upon the question of the guilt or innocence of the accused.

ID.—SUPPORT OF VERDICT.—It is held that the defendant was fairly tried, and that the evidence supports the verdict.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

James T. Matlock, Jr., for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—Defendant was convicted of the crime of rape in having sexual intercourse with a female who was under the age of consent and not the wife of said defendant.

1. There is no merit in the contention of appellant that the venue was not proved. The witness, Keeran, was asked this question: "This that you have testified to occurred in the county of Tehama and state of California, did it, Mr. Keeran?" and the answer was "Yes, sir." The witness had just detailed certain occurrences at the home of Mrs. Ladd, the mother of the prosecutrix, and there was no conflict in the evidence that the offense was committed at said home. The showing could not have been more direct or satisfactory as to the county in which the crime was perpetrated.

2. Appellant claims that the trial court erred in overruling his objection to certain testimony given by the said witness Keeran. He was asked this question: "Mr. Keeran, in reference to the two Misses Ladd, the young ladies, did the defendant ever make any statement to you about having one of them down on the bed?" Without any objection he answered the question, "Yes, sir." Then he was asked: "Will you please state to the jury what that conversation was?" An objection to this was overruled and he answered: "He was speaking of the Ladd girls, and he said he had one of them down on the bed, the other night, and had felt of her and she first fought and finally just gave way to him and he felt of her and could have had sexual intercourse with her if he had wanted to." The point of the objection is that the testimony referred to de-

fendant's action with someone other than the prosecutrix, but this, we think, was for the jury to determine. He was speaking of both of the girls and said the conduct occurred with one of them, without mentioning her name. Manifestly, it might have referred to either, but in connection with the other evidence the jury were justified in concluding that he referred to lewd conduct with the prosecutrix. It may be said, also, that the answer to the question, which was not objected to, carried with it an inference as unfavorable as the subsequent question and answer.

Again, the witness was asked: "And on another occasion, during the time you were in that neighborhood and you were making your headquarters at Mrs. Ladd's, did the defendant ever make any statement to you in regard to his action with a thirteen year old girl?" The objection to this question was overruled and he answered: "Yes, he did." He was then directed to state the conversation. He was proceeding to do so when the court, interrupting, asked the district attorney, "Do you mean this girl?" and the district attorney answered, "No, sir." The court then sustained the objection and directed the jury to disregard what was said in relation to it. The district attorney, however, in further explanation, stated that the defendant made a remark about a thirteen year old girl but mentioned no name and did not state when it occurred. We must assume that the district attorney acted in good faith and believed the evidence was relevant and referred to the prosecutrix. It is often difficult to determine whether language used relates to the issue involved, and we cannot say that the question here is so plain that it must be held that the prosecuting officer, in violation of his oath of office, endeavored to deprive the defendant of a fair trial by offering testimony which he knew to be inadmissible. The cases cited by appellant on this point are quite different in their facts.

In *People* v. *Stewart,* 85 Cal. 175, [24 Pac. 722], evidence tending to show lewd, immoral and indecent conduct on the part of the defendant with persons other than the prosecutrix was admitted over his objection and the court very properly said: "The admission of the evidence was clearly reversible error."

*People* v. *Elliott,* 119 Cal. 593, [51 Pac. 955], is to the same effect, where evidence was admitted that the defendant had

asked other girls than the prosecutrix to go to the house of defendant to have illicit intercourse with men.

In *People* v. *Derbert*, 138 Cal. 467, [71 Pac. 564], the supreme court agreed with the claim of appellant that "the persistent conduct of the district attorney in asking improper questions during the trial, and making improper insinuations was such error that the case should be reversed." In the course of the discussion, it is said: "The court promptly sustained objections to all these questions, but that did not cure the error. It clearly appears that the object of the district attorney was to leave the impression upon the mind of the jury that defendant had committed other crimes, and that he had changed his name. His questions were directly in face of the rulings of the court and certainly with the knowledge that the court would not permit them to be answered. The object was to ask the questions and not to get the answers." No such imputation can be indulged here. While, in this class of cases, especially, the rights of the defendant should be scrupulously protected, we can find nothing in the conduct of the district attorney to demand a reversal of the judgment.

3. The court did not abuse its discretion in declining to direct the jury to be taken to the Ladd residence for an inspection of the premises where the offense is said to have been committed. The practice invoked by the defendant should be adopted only in exceptional cases, as it usually increases the hazard of a mistrial. The premises were fully described by the witnesses; photographs and drawings of them were received in evidence, and the court was clearly right in the opinion that a personal inspection by the jury was entirely unnecessary.

4. No error was committed by the court in refusing the instruction in reference to a conviction upon the uncorroborated testimony of the prosecutrix, for the reason that there was some corroboration. Besides, it is argumentative, and the caution that it required of the jury was sufficiently covered by the instructions which were given.

5. The requested instruction as to the failure of the prosecutrix to make "a prompt and seasonable complaint" of the crime was an invasion of the province of the jury, in assuming that her delay in making complaint was unseasonable and inexcusable and in the suggestion as to the weight and effect

of certain evidence. It was, therefore, properly refused. Similarly, the action of the court was clearly right in refusing the instruction as to the policy of the law in relation to the conviction of innocent persons. The court is required to state to the jury the *law,* not the reasons for its enactment or the nature of the public opinion which sanctions it.

It was not necessary to state that each individual juror was required to be convinced of the guilt of the defendant, as that was clearly implied in several instructions given by the court.

In fine, it may be said that every needful instruction was given to the jury to enable them to consider and determine intelligently the facts bearing upon the question of the guilt or innocence of the accused.

The defendant was fairly tried and the evidence supports the verdict. The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1910.