[Crim. No. 497. Second Appellate District.—July 27, 1916.]

## THE PEOPLE, Respondent, v. JACK LETOILE, Appellant.

CRIMINAL LAW—INCEST—ACCOMPLICE—LACK OF CORROBORATION—EVIDENCE — IMPROPER ADMISSION OF. — In a prosecution for incest charged against a father and alleged to have been committed with his eldest daughter, a conviction cannot be sustained where the only corroboration of the prosecuting witness, who consented to the acts charged and was therefore an accomplice, was the testimony of the younger sister, admitted over the objection of the defense, who was called by the prosecution as a witness in rebuttal to testify as to trouble between herself and her father about the time of his arrest, and asked by the district attorney whether or not she had trouble with him with regard to his acts of sexual intimacy with her, which question was answered in the affirmative, as evidence of similar acts with a person other than the one named in the information in such a case is not admissible; nor was such evidence admissible as rebuttal testimony, on the theory that the defendant had opened the door for it by testifying that he had had trouble with his two daughters on the subject of their staying out late at night, the latter testimony having been adduced upon cross-examination and under adverse rulings upon his objections thereto, in which he stated that he had not had any trouble with his daughters.

ID.—TRIAL BEHIND CLOSED DOORS—VIOLATION OF CONSTITUTION.—While the court has the right to regulate the admission of the public to the courtroom in the trial of a criminal case in any appropriate manner in order to prevent overcrowding or disorder, the right does not exist to wholly exclude the public, as under article I, section 13, of the constitution of this state the party accused in a criminal prosecution is given the right to a public trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Guy Eddie, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted and sentenced to imprisonment for the crime of incest committed with his eldest daughter. His appeal is from the judgment and from an order denying his motion for a new trial.

Testimony directly supporting the charge was given by the prosecuting witness, the daughter of the defendant. It was claimed by the defendant that according to her own testimony she had consented to the acts constituting the ground of complaint, and that she being therefore an accomplice, the conviction cannot be sustained without corroborative evidence tending to connect the defendant with the commission of the offense.

The only corroborative evidence found in the record is contained in the testimony of Mary Letoile, a sister of the prosecuting witness, Lucy Letoile, which testimony was admitted over objections thereto. This witness was called by the prosecution as a witness in rebuttal, and was questioned about trouble between herself and her father at about the time of his arrest. This question was asked by the district attorney: "About that time and for some time previous thereto, had you had trouble with him with regard to his acts of sexual intimacy with you?" After an objection had been made and overruled, she answered that question in the affirmative. Evidence was thus placed before the jury not only by the prosecuting witness that the defendant had committed the crime of incest with her, but also by the daughter Mary that defendant had committed a like crime with her. Unless this was corroboration of Lucy's testimony respecting the offense charged in this action, there is no corroboration in the record. The jury may have believed Lucy's testimony as to the defendant's acts, but that those acts were done with her consent and that she was an accomplice therein; and in that event their verdict was necessarily based also upon the testimony of Mary, which tended to show the defendant's disposition to commit that kind of a crime by showing that he had com-

mitted such a crime with a person other than the one named in the information. The decisions in this state are uniform to the effect that such evidence in prosecutions for crimes of this class is not admissible. (*People* v. *Bowen*, 49 Cal. 654; *People* v. *Stewart*, 85 Cal. 174, [24 Pac. 722]; *People* v. *Elliott*, 119 Cal. 593, [51 Pac. 955].)

It is suggested, however, that the testimony was properly admitted in rebuttal, in that the defendant had opened the door therefor by testifying that he had had trouble with his daughters Lucy and Mary because of their staying out late at night against his wishes, and that that was the only trouble he ever had with his daughters. Examination of the record does not support this view of the defendant's testimony. In order to show animus of the prosecuting witness against him, the defendant testified that he had had trouble with Lucy, and incidentally further testified that he had trouble with both Lucy and Mary, on the subject of their staying out late at night. It was only upon cross-examination and under adverse rulings upon his objections thereto that the defendant stated that he had not had any other trouble with his daughters. As to the daughter Mary, this was immaterial to the case. She had not been a witness and therefore had given no testimony for or against the defendant. In *People* v. *Turco*, 29 Cal. App. 608, [156 Pac. 1001], we had occasion to examine the authorities bearing upon the limits of the right of cross-examination of a defendant in a criminal case, and the limits of the right to introduce rebuttal testimony based upon facts elicited by such cross-examination. The principle was recognized that the people have the right on the cross-examination of a defendant to draw out anything which will tend to contradict or modify his testimony given on his direct examination, and that such testimony of the defendant may be met by testimony in rebuttal. In the present case, however, we do not think that the circumstances shown by the record are such as to warrant the application of the rule stated. The testimony of the witness Mary Letoile, to which we have referred, should have been excluded.

At the beginning of the trial in this case the court made an order, which was thereafter enforced, requiring all persons other than those directly connected with the trial to withdraw from the courtroom, and tried the case "behind closed doors."

We do not doubt the right of the court to regulate the admission of the public to the courtroom in any appropriate manner in order to prevent overcrowding or disorder, but the right does not exist to wholly exclude the public. Under article I, section 13, of the constitution of this state, the party accused in a criminal prosecution is given the right to a public trial. Referring to a similar order made in *People* v. *Hartman,* 103 Cal. 242, [42 Am. St. Rep. 108, 37 Pac. 153], the supreme court said: "This was a novel procedure, and has no justification in the law of modern times. We know of no case decided in this country supporting the course of procedure here pursued. It is in direct violation of that provision of the constitution which says that a party accused of crime has a right to a public trial." No objection was made by or on behalf of the defendant to this course of procedure by the court, and the point is made for the first time on this appeal. In view of our conclusions upon the first question discussed herein, it seems unnecessary to base our decision upon the proposition that the defendant was deprived of his right to a public trial. (See, also, *People* v. *Swafford,* 65 Cal. 223, [3 Pac. 809], and the comment thereon in 103 Cal. 245, [42 Am. St. Rep. 108, 37 Pac. 153].)

The judgment and order are reversed.

James, J., and Shaw, J., concurred.