## HALL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 5, 1916.)

### No. 2678.

CRIMINAL LAW ⊕⇒371(1)—EVIDENCE—OTHER OFFENSES.

In a prosecution for unlawful assault upon the person of a young girl, evidence that accused, a physician, had nearly 3 years before, assaulted another young girl, though offered to show intent, is improperly admitted, introducing a collateral issue and not raising a logical inference that accused intended by his acts to assault the prosecutrix.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 830, 831; Dec. Dig. ⊕⇒371(1).]

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Charles E. Bunnell, Judge.

M. F. Hall was convicted of unlawful assault, and he brings error. Reversed and remanded.

Le Roy Tozier, R. F. Roth, and H. E. Pratt, all of Fairbanks, Alaska, T. C. West, of San Francisco, Cal. (West, Rafael & Curley, of San Francisco, Cal., of counsel), for plaintiff in error.

John W. Preston, U. S. Atty., and M. A. Thomas, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error was convicted of the crime of an unlawful assault upon the person of one Selma Lappi upon the 24th of September, 1914, at Fairbanks, Alaska. He was sentenced to imprisonment and to pay a fine. This writ of error is brought to reverse the judgment.

Prosecuting witness was 9 years old. She had been treated and operated upon by the defendant, who was a physician, for a disease of the glands of her neck. She testified, in substance, that after the operation she often went to the defendant's office for the purpose of having the bandages upon her neck changed; that upon one occasion, after the doctor had attended to the bandages on her neck, he took her into his lap and with his hand took liberties with her person, and that after the occurrence she complained to her mother.

Over the objection of the defendant the prosecution was permitted to introduce the evidence of Charlotte Geis, a child under 10 years

---

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of age, who said; in substance, that about August, 1912, or 33 months before the time of the trial of this defendant, she had been into Dr. Hall's office at Fairbanks with her little brother, and that upon one occasion about that time, after the doctor had treated the brother for a cut on his forehead, and after the brother had left the office, the defendant had put his finger in her private parts.

The defendant, a practicing physician, married, and 50 years of age, testified in his own behalf. He positively denied that he had ever taken any improper liberties with either of the children, and explained at length that he had treated the prosecuting witness for enlarged glands under the ear and under the jaw; that he had first seen the child in March preceding the time when he operated upon her, and had treated her daily for a period of time in July and August, 1914; that he had operated when the child was under the influence of chloroform; that she was nervous and excitable, and particularly resisted the taking off of the adhesive plaster which he used in holding bandages over the wounded places in her neck; that upon the day of the alleged assault the child was very nervous, and that after he had attended to the dressing he lifted her in his arms and sat down on a couch with her and tried to calm her; that he asked her if she felt badly; that she said she did, and put her hand on her side; that he put his hand down and commenced to massage her abdomen.

The principal error assigned was the admission of the evidence of the child Charlotte Geis. We believe that the court erred in admitting this evidence. We shall not dispute in the least the rule that where intent must be proved, other crimes of like nature which are so intimately related to the act in question as to show a common purpose or a continuity of purpose in all may be shown upon the question of intent or to repel the inference of accident. It is, however, never to be lost sight of that the defendant is entitled to be tried upon competent evidence and only for the offense charged, and where there is matter collateral to the issue to be tried, it is the duty of the court to see that proof of collateral matter which can really only tend to prejudice the defendant with the jurors and to produce the impression that he is of low and depraved disposition is not admitted. In Jones on Evidence (1913) 144, we find this statement:

"The intent and disposition with which one does a particular act must be ascertained from his acts and declarations before and at the time; and when a previous act indicates an existing purpose, which from known rules of human conduct may fairly be presumed to continue and control the defendant in the doing of the act in question, it is admissible in evidence. In many cases it is the only way in which criminal intent can be proved; and the evidence is not to be rejected because it might also prove another crime against the defendant. The practical limit to its admission is that it must be sufficiently significant in character, and sufficiently near in point of time, to afford a presumption that the element sought to be established existed at the time of the commission of the offense charged. The limit is largely in the discretion of the judge."

In People v. Stewart, 85 Cal. 174, 24 Pac. 722, a case of assault with intent to commit rape, it was held that in order to show the intent with which an act charged has been done, proof of other acts is often admitted, but that evidence tending to show lewd acts and

occurrences between the defendant and girls other than the prosecuting witness was not admissible. People v. Bowen, 49 Cal. 654, laid down the same rule. In McAllister v. State, 112 Wis. 496, 88 N. W. 212, it was held that in prosecutions for assault with intent to commit rape, evidence of previous attempt by the accused to commit the crime upon other persons is not admissible. Bird v. United States, 180 U. S. 356, 21 Sup. Ct. 403, 45 L. Ed. 570; State v. Walters, 45 Iowa, 389; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69; Wigmore on Evidence (1904) 357.

We do not hold that upon a charge of an assault with intent to commit rape, evidence of former acts of like character upon a female other than the prosecuting witness cannot, under any circumstances, be received. We are inclined to the view that where such acts give strong indication of a design to commit rape they may be. But it is not a logical inference to say that testimony of an assault upon a child nearly 3 years previously shows that defendant had a design or intent to make an assault nearly 3 years later upon another child. It is too plain, however, that proof of such collateral matter tends to produce the belief that defendant is a person of depraved moral character, and is highly prejudicial to the defendant on trial before a jury. The law, in presuming the defendant innocent until his guilt of the offense charged is proved, will not allow the government to prove evidence of defendant's bad or immoral character until defendant has put his character in issue by evidence in his behalf. It is true that the court instructed the jury that testimony of an assault upon the Geis child was limited in its applicability, and that defendant could only be convicted of the assault described in the indictment; but we think that the error in admitting the evidence was too serious to be avoided by the instruction.

The judgment is reversed, and the cause is remanded, with directions to grant a new trial.

GILBERT, Circuit Judge (dissenting). The court below, in submitting to the jury the question whether the defendant committed the act with which he was charged, limited them to the evidence other than that furnished by Charlotte Geis, and instructed them that the testimony of the latter was admitted for but one purpose, which was its tendency to show the intent of the defendant, and further instructed them that they must eliminate from their consideration all testimony of Charlotte Geis, and, having done so, must determine from the remaining testimony whether or not the defendant committed the act charged in the indictment. The court said:

"For this purpose the testimony of the witness Charlotte Geis can be of no avail, and the same must be entirely eliminated from your consideration."

It thus appears that the testimony of Charlotte Geis was admitted solely for its bearing upon the question of the intent of the defendant in doing the act which was the substance of the charge against him. There was a logical connection between the two acts from which it might be said that proof of the one tended to establish the other. Such evidence should not be rejected where the mind plainly perceives that

the commission of the one act tends to prove that the defendant committed the other. If the charge against the defendant was true, it proved him to be a degenerate who had the disposition to commit such acts, and, if so, it was not reversible error, I think, to admit proof of an act identical in its nature, although it was committed more than 2 years prior to the commission of the act for which he was indicted.