[Crim. No. 909.   First Appellate District, Division One.—September 15, 1920.]

THE PEOPLE, Respondent, v. FRANK WYETT, Appellant.

[1] CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—BOY OF TEN YEARS NOT AN ACCOMPLICE.—A boy under the age of ten years who submits to the perpetration upon his person of the infamous crime against nature is not an accomplice whose testimony requires corroboration in a prosecution for the commission of such offense.

[2] ID.—TIME OF COMMISSION OF OFFENSES CHARGED—INSTRUCTION.— Where an information in separate counts charged the commission of different offenses on or before a designated date, an instruction that the prosecution was not required to allege or prove the exact date of the commission of either offense, but it was sufficient if such commission was established beyond a reasonable doubt at any time within three years prior to the filing of the information, is not a sufficient ground for reversal where the jury was fully instructed in other portions of the charge with respect to their duty to be satisfied beyond a reasonable doubt as to the guilt of the defendant on each of the counts.

[3] ID.—COMMISSION OF SIMILAR OFFENSE AGAINST THIRD PERSON— EVIDENCE—REVERSIBLE ERROR.—In a prosecution under such an information, the admission of evidence relating to the commission of another offense by the defendant similar to that charged in the first count but against a person other than the prosecuting witness was prejudicial error.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.   Reversed.

The facts are stated in the opinion of the court.

---

1.   Who is an accomplice, note, 138 Am. St. Rep. 272.

H. L. Meyers for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment against the defendant upon his conviction of the charge of having violated section 286 of the Penal Code, relating to the infamous crime against nature.

[1] The appellant makes three contentions upon this appeal, the first of which is that he was convicted upon the uncorroborated testimony of an accomplice. The complaining witness was one Ernest Houx, a boy under ten years of age at the time of the trial and the victim of the defendant's alleged offense. In claiming that the witness Ernest Houx was an accomplice of the defendant in the commission of the crime the appellant relies on the case of *People* v. *Robbins,* 171 Cal. 466, [154 Pac. 317]. In that case, however, the complaining witness was a boy of the age of sixteen years, and in holding that he was an accomplice the supreme court expressly differentiated between that case and the case of *People* v. *Dong Pok Yip,* 164 Cal. 143, [127 Pac. 1031], in which latter case the child upon whom the crime was committed was of the age of nine years and was held not to be an accomplice. We are of the opinion that this case comes within the rule laid down in *People* v. *Dong Pok Yip, supra,* and hence that the trial court was not in error in holding that the complaining witness herein was not an accomplice whose testimony required corroboration.

[2] The appellant's second contention is that the court erred in submitting to the jury the following instruction: "In this connection you are instructed that the district attorney is not required to allege or prove the exact date of the commission of either of the offenses charged; and if you are satisfied from the evidence beyond a reasonable doubt that the defendant committed the crimes or either one of them as charged at any time within three years of the date of the filing of the information you should render a verdict of guilty."

There were two counts in the information against the defendant herein, in one of which he was charged with the infamous crime against nature, and in the other of having

been guilty of certain lewd and lascivious conduct toward the complaining witness. The criminal act charged to have been committed in each count was stated in each to have been committed on or before the first day of May, 1919. The foregoing instruction was expressly disapproved in the case of *People* v. *Elgar,* 36 Cal. App. 114, [171 Pac. 697], and would seem to be subject to the strictures made upon it in that case. The trial court, however, fully instructed the jury in other portions of its charge with respect to the duty of each member of the jury to be satisfied beyond a reasonable doubt as to the guilt of the defendant upon the first of said counts, and also and in a separate and distinct charge as to the second of said counts in the information. It would seem, therefore, that, taking the charge of the court as a whole, the jury could not have been so far misled by the indefiniteness of the above instruction as to have expressly found the defendant guilty upon each of said counts separately, but that their verdict as to each was the result of their unanimous conclusion as to his guilt upon each of said counts. We do not, therefore, feel that we should reverse this case upon that ground.

[3] The defendant, however, makes a further objection to the verdict and judgment herein based upon his contention that evidence was offered and admitted over his objection with relation to the commission of another offense by him similar to that charged in the first count in said information but against a person other than the prosecuting witness. One Floyd Menasco was called as a witness by the prosecution, and was permitted to testify to the commission of said crime by the defendant upon his person upon a date after that upon which the defendant was alleged to have committed a like offense upon the present prosecuting witness. This evidence was offered and permitted to be introduced for the purpose of showing the lewd and lascivious disposition and tendency of the defendant to commit acts of that character. The respondent herein undertakes to justify the action of the trial court in the admission of such evidence under the authority of *People* v. *Gasser,* 34 Cal. App. 541, [168 Pac. 157]. The record of that case, however, discloses that the evidence therein consisted of proof of other acts of a lewd and lascivious nature committed upon the person of the complaining witness, and it was therein

held that such evidence was admissible for the limited purpose for which it was offered. But neither that case, nor any other case to which our attention has been called, which upholds the admission of such evidence, has gone so far as to approve the admission of evidence of lewd and lascivious acts committed upon other persons than the complaining witness in the particular case, but, on the other hand, in every case to which we have been cited the courts of this and other jurisdictions have held that such testimony constitutes evidence of another and distinct crime, for which the defendant could have been informed against and tried but for which he cannot be tried in the particular case. (*People* v. *Letoile*, 31 Cal. App. 166, [159 Pac. 1057]; *People* v. *Elliott*, 119 Cal. 593, [51 Pac. 955]; *People* v. *Stewart*, 85 Cal. 174, [24 Pac. 722]; *People* v. *Bowen*, 49 Cal. 654; *State* v. *Williams*, 36 Utah, 273, [103 Pac. 250]; *Janzen* v. *People*, 159 Ill. 440, [42 N. E. 862]; *Schaffner* v. *Commonwealth*, 72 Pa. St. 60, [13 Am. Rep. 649].) We are of the opinion that the error of the trial court in the admission of this evidence was sufficiently prejudicial to compel a reversal in the present case. The defendant was convicted upon the testimony of the prosecuting witness alone, whose evidence, while it would seem to be sufficient to uphold the verdict, was in some respects quite uncertain, and was doubtless strongly supported in the minds of the jury by the corroborating evidence as to similar acts of the defendant committed upon the person of the boy Menasco. We are, therefore, of the opinion that section 4½ of article VI of the constitution cannot be given application to the case at bar.

Judgment reversed.

Waste, P. J., and Kinsell, J., *pro tem.*, concurred.