**Rudolph Valentine PATTERSON,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18246.**

United States Court of Appeals
Eighth Circuit.

June 15, 1966.

J. Derck Amerman, of Wegner, Wegner & Amerman, Minneapolis, Minn., for appellant.

Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Rudolph Valentine Patterson was charged in a two count indictment with transportation of a woman in interstate commerce for the purpose of prostitution in violation of 18 U.S.C.A. § 2421. Count I charges transportation from Cleveland, Ohio, to Minneapolis, Minnesota, on November 27, 1964. Count II charges transportation from Toronto, Canada, to Minneapolis, Minnesota, on July 19, 1965. Upon plea of not guilty, he was tried to a jury, found guilty on each count and thereafter sentenced to four and one-half years imprisonment on each count, the sentences to be served concurrently. This is an appeal from such final judgment.

Defendant urges that he is entitled to a reversal by reason of the following asserted prejudicial errors committed at his trial:

I. Conviction based upon insufficiently corroborated perjured testimony of one witness (Mrs. Driggins).

II. Misconduct of Government counsel.

III. Improper reception of other acts of interstate transportation for prostitution purposes.

IV. Receipt of hearsay testimony.

We have carefully read the entire record and have given full consideration to the asserted errors. For the reasons hereinafter set out, we find that no prejudicial error has been committed. We affirm the conviction.

### I.

Defendant has not squarely raised the issue of the sufficiency of the evidence to support guilty verdicts upon each count but in his first point does in effect raise such issue. Defendant made a motion for verdict of acquittal at the close of the Government's case, which motion was overruled. Defendant then rested and offered no evidence. Thus the foundation is laid for review of the issue of the sufficiency of the evidence to support the verdict.

■ The evidence of course must be viewed in the light most favorable to the Government as the prevailing party. Mrs. Driggins, whose credibility as a witness is attacked, was the Government's principal witness. Her testimony clearly shows that she was transported in interstate commerce by the defendant as charged in each count of the indictment, that the transportation was for prostitution purposes, that she did in fact engage in prostitution at the end of each journey and that the profits of the ventures were paid to defendant.

It is quite true, as defendant charges, that there are inconsistencies in various facets of Mrs. Driggins' testimony. The trial court gave the usual instructions to the effect that the jury is the sole judge of the credibility of witnesses, including therein the following:

"If you find that any witness has wilfully testified falsely with respect to any material issue herein, then you are at liberty to disregard his or her entire testimony, except so far as it may be corroborated by other credible testimony. Now, Carol Driggins is an admitted prostitute. You should examine her testimony and scrutinize with care. If it rings true, accept it. If it doesn't ring true, then reject it. That, of course, applies to all of the witnesses who have testified in this lawsuit."

■ The woman transported for prostitution purposes is considered a victim, not an accomplice. Wyatt v. United States, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed. 2d 931. Under federal law, a conviction can rest upon the uncorroborated testimony of an accomplice if it is not otherwise unsubstantial on its face. Williams v. United States, 8 Cir., 328 F.2d 256, 259. Obviously, a conviction can rest

upon the uncorroborated testimony of a credible witness who is not an accomplice.

The record contains very substantial corroboration of Mrs. Driggins' testimony. Hotel records and oral testimony show registration of defendant and Mrs. Driggins as husband and wife under fictitious names. Evidence offered shows that defendant escorted Mrs. Driggins to the bar where she conducted her solicitation. Mrs. Driggins was arrested in Minneapolis for soliciting and at the time of her arrest in the hotel room in which she and defendant were registered guests, air trip ticket receipts for the trip from Toronto to Minneapolis were seized. They were issued to the fictitious names used by defendant and Mrs. Driggins as described by Mrs. Driggins in her testimony.

■ Substantial contacts between defendant and Mrs. Driggins at Cleveland, Ohio, where they both resided, are shown as well as acts of the defendant in transporting Mrs. Driggins and others to various places in interstate commerce for prostitution purposes. Corroboration of payment to defendant of income earned by Mrs. Driggins through prostitution is present. There is also evidence of a complaint by a Minneapolis landlord from whom defendant rented apartments occupied by prostitutes of the activities carried on, and particularly of defendant's use of a red light visible from the street in one of the rented apartments. We see no need for further pursuing a résumé of the evidence. We are convinced that the court properly denied the motion for acquittal. The record contains abundant evidence to support the guilty verdicts.

## II.

■ Defendant's charge of misconduct of Government counsel falls into two categories. Defendant's first complaint is that Government counsel showed some letters alleged to have been written by Mrs. Driggins to the defendant, in violation of an agreement not to show such letters to Mrs. Driggins. On Friday afternoon, Mrs. Driggins denied writing such letters, marked Exhibits A to F. Defendant's counsel requested that the Government provide the services of a handwriting expert. Doubt was expressed whether a handwriting expert was available in Minneapolis. After some discussion, Government counsel took the letters and agreed to see what he could do about submitting them to a handwriting expert. We find nothing in the record to support any agreement on the part of the Government counsel not to show the letters to Mrs. Driggins.

Some difficulty was experienced in finding a handwriting expert. Upon the reconvening of court on Monday morning, Mrs. Driggins admitted writing the letters in controversy and such letters were admitted in evidence. She admitted that she had been shown the letters over the weekend by the prosecutor.

■ No prejudice could possibly have been caused to the defendant by this incident. Mrs. Driggins' admission of authorship of the letters was inconsistent with her prior testimony. Defendant was seeking to have the letters received in evidence for the purpose of showing statements in the letters inconsistent with Mrs. Driggins' direct testimony. Her admission made the letters available for such purpose. A handwriting expert could not possibly have accomplished anything more.

■ Defendant's second misconduct charge relates to the prosecutor's use in both his opening statement and his argument to the jury of a reference to the crime charged as being in violation of the "White Slave Traffic Act" and referring to Mrs. Driggins as the victim, and to references made in closing argument to the defendant as a pimp. When the prosecutor in his opening statement said that Mrs. Driggins was the so-called victim of the White Slave Traffic Act, the following record was made:

"Mr. Amerman: Your Honor, I object to use of the language 'white slave' as being extremely prejudicial. The only thing involved here is a Negro

bringing his Negro girlfriend across the state line.

"The Court: Well, the term has been used with reference to this law, that is, the White Slave law. I think the term might well be eliminated."

When a similar statement was made by the prosecutor in his closing argument, substantially the same record was made. "White Slave Traffic" is the heading of Chapter 117, Title 18 U.S.C., of which § 2421 is a part. The offense here involved has been frequently referred to in decided cases as the White Slave Traffic violation. See Wyatt v. United States, 362 U.S. 525, 526, 80 S.Ct. 901. Both Mrs. Driggins and the defendant are Negroes. We fail to see where under the circumstances of this case the reference to the crime by its statutory name creates any racial prejudice or prejudice of any kind. In light of the objection made by defendant, the court wisely suggested that the crime be referred to as a Mann Act violation.

■ During the course of his closing argument, the prosecutor said in substance that Sunday school and church workers would make more desirable witnesses but that persons of that type do not become the victims of a pimp or panderer. No objection was made to the statement. Absent appropriate objection, motion for mistrial or request for explanatory instruction, error cannot be predicated upon a claim of improper argument. See Birnbaum v. United States, 8 Cir., 356 F.2d 856, 866; Isaacs v. United States, 8 Cir., 301 F.2d 706, 736.

■ We are not here presented with a situation calling for invoking of the plain error rule. The case against the defendant is strong. The strength of the case is an important consideration in determining the existence of prejudicial error. Isaacs v. United States, supra; Homan v. United States, 8 Cir., 279 F.2d 767, 770–771. In Wiley v. United States, 8 Cir., 257 F.2d 900, 905–906, the trial court first admitted evidence that the defendant had the reputation of being a pimp and later struck such evidence, in-

structing the jury to disregard it. We held that no prejudicial error was established.

■ We are satisfied from an examination of the entire record that the argument complained of had no influencing effect upon the jury and that such argument did not deprive the defendant of a fair trial.

### III.

■ Testimony by Mrs. Driggins and Mrs. Parker was received relating to their transportation by defendant to Boston for prostitution purposes in July, 1964. Evidence of similar criminal acts within a reasonable time before the commission of the offense charged is admissible for the purpose of establishing intent where intent is in issue. Wiley v. United States, 8 Cir., 257 F.2d 900, 906–907; Neff v. United States, 8 Cir., 105 F.2d 688, 691. In our present case, the Boston transaction occurred only some four months prior to the offense charged in the first count of the indictment. The same type of criminal act is involved.

The court on its own motion and in its instructions carefully advised the jury that the defendant was on trial only for the two offenses charged in the indictment and not for any other misconduct that may be disclosed by the evidence.

No abuse of discretion in admitting the testimony complained of is here shown. The testimony offered is relevant on the issue of defendant's intent in transporting Mrs. Driggins to Minneapolis.

### IV.

■ Defendant urges that two items of hearsay testimony were improperly admitted. Mrs. Driggins on direct examination was asked where she and defendant went after they left Cleveland in July, 1964. After answering that they went to Atlantic City, Mrs. Driggins volunteered that they were supposed to work as prostitutes but there were complications in that out of town girls were not welcome. The court overruled a motion to strike such testimony as hearsay. While a portion of the answer was re-

sponsive and proper, part thereof appears to be based on hearsay. However, error if any is not prejudicial. The prosecution is not based on the Atlantic City operation and there is substantial competent evidence of other transportation for prostitution purposes which bears upon defendant's intent.

On cross-examination, Mrs. Holt was asked if she knew the phone calls from the jail were monitored. She responded that she had checked with her brother, who was a deputy sheriff, and learned the call was not monitored. The motion to strike as hearsay was overruled, the court expressing the view that the question asked justified including the hearsay. The question as to whether or not the call from Mr. Patterson to Mrs. Driggins was or was not monitored does not have any bearing upon any issue of importance in this case and hence no prejudicial error resulted from refusing to strike the testimony.

Under the same heading, although not a hearsay problem, defendant urges that the court erred in refusing his request that a prior answer given by Mrs. Driggins be re-read. The interrogation in controversy related to whether Mrs. Driggins went out with other men aside from her prostitution activities while she was going out with the defendant. The court refused the request, stating that it dealt with an immaterial matter. We agree.

The trial court has a large discretion as to the scope of cross-examination on collateral matters. "[S]elf-contradiction of a witness by prior inconsistent statements may be shown only on a matter material to the substantive issues of the case." Cwach v. United States, 8 Cir., 212 F.2d 520, 530.

The trial court had permitted rather extensive cross-examination upon this issue and in our view acted well within his discretion in terminating this phase of the cross-examination.

The defendant has had in all respects a fair trial. The judgment of conviction is affirmed.