[Civ. No. 8817. Third Dist. May 4, 1955.]

PACIFIC ENGINE AND MACHINE WORKS (a Corporation), Petitioner, v. THE SUPERIOR COURT OF DEL NORTE COUNTY, Respondent; JOHN C. ROGERS et al., Real Parties in Interest.

Barr & Hammond and Hugh B. Collins for Petitioner.

Tebbe & Correia for Respondent and Real Parties in Interest.

SCHOTTKY, J.—Petitioner above named filed in this court a petition for a writ of mandate to compel the Superior Court of Del Norte County to proceed with the trial of an action commenced by petitioner in said court. We issued an alternative writ and a return thereto was filed by John C. Rogers and Ruth V. Rogers on behalf of themselves as the real parties in interest and of the respondent superior court.

The facts which appear from the petition and the return, and which are not in substantial dispute, are as follows:

Petitioner commenced an action in the Superior Court of Del Norte County on December 10, 1953, against John C. Rogers, Ruth V. Rogers and one Joe Gentry (sued as Doe defendant), to recover damages alleged to have resulted from a fire in Crescent City caused by the negligence of defendants.

Defendants Rogers are citizens and residents of the State of Oregon, and defendant Gentry is a citizen and resident of the State of California. Personal service was made on defendant Gentry and he appeared in the action. Certain real property alleged to belong to defendants Rogers was attached but no service of summons was made on said defendants in California, a copy of the complaint and summons being delivered to them in the State of Oregon. Thereafter defendants Rogers appeared specially and moved to have the action transferred to the United States District Court for the Northern District of California on the grounds that they were citizens of the State of Oregon and that defendant Gentry had been fraudulently joined as a party defendant in order to

prevent removal to the United States District Court, and said action was removed to said United States District Court. On August 11, 1954, plaintiff and petitioner commenced an action in the District Court of the United States for the District of Oregon against defendants Rogers only, based upon the same cause of action as the action theretofore filed in the respondent court against defendants Rogers and Gentry, and defendants Rogers were served in said action. On August 12, 1954, the United States District Court for the Northern District of California determined that the joinder of defendant Joe Gentry was not fraudulent and remanded said action to the respondent superior court. Petitioner then filed notice of motion to enter the default of defendants Rogers in respondent court, but before October 8, 1954, the time set for the hearing of said motion, said defendants Rogers appeared in said action by filing an answer. On October 11, 1954, petitioner moved the United States District Court in Oregon for leave to dismiss the action filed in the United States District Court, which motion was opposed by defendants Rogers and denied by the court. On October 8, 1954, the respondent superior court set said action for trial commencing June 6, 1955, and thereafter defendants Rogers filed notice of motion to stay proceedings in the superior court or to dismiss. Thereafter petitioner moved the United States District Court for the District of Oregon to enter an order abating all further proceedings in the Oregon action pending final determination of the action pending in respondent court, and said United States District Court of Oregon, on February 21, 1955, ordered that said Oregon action and all proceedings therein be abated pending final determination of the action pending in the respondent court. On February 24, 1955, the judge of respondent court filed a memorandum of opinion stating that the action pending in respondent court should be abated until the final determination of the action pending in the United States District Court for the District of Oregon, and thereafter, although advised that the United States District Court of Oregon had abated the action pending there, caused to be entered an order abating the action pending in the respondent court until final disposition of the action filed in the United States District Court.

Respondent court in its memorandum opinion and counsel for real parties in interest, defendants Rogers, appear to rely heavily on *Simmons* v. *Superior Court*, 96 Cal.App.2d 119 [214 P.2d 844, 19 A.L.R.2d 288], in support of the order

abating the action in the superior court of Del Norte County. In the Simmons case the wife filed an action for divorce in Texas on February 10, 1949, and the husband filed an action for divorce in California on February 15, 1949. The wife appeared in the California action by filing an answer on March 26, 1949, and the husband appeared in the Texas action by filing a plea in abatement and an answer on May 2, 1949. On July 26, 1949, the wife made a motion to remove the California action to the United States District Court, but on September 23, 1949, the United States District Court remanded the action of the superior court on the ground that both husband and wife were residents of Texas. On October 17th the wife moved the California superior court for an order staying proceedings in the California action until the final determination of the Texas action. The superior court denied the motion and the wife then filed in the District Court of Appeal a petition to restrain the superior court from taking any further proceedings in the case. The District Court of Appeal determined that a writ should issue ordering the superior court to stay proceedings until the final determination of the Texas action.

In the course of its opinion the court said, pages 122-125:

"It is settled California law that the pendency of a prior action in a court of competent jurisdiction, predicated on the same cause of action and between the same parties, constitutes good ground for abatement of a later action within the same jurisdiction either in the same court or in another court having the jurisdiction (1 Cal.Jur., § 4, p. 23); and it is held that the first court to assume and exercise jurisdiction in a particular case acquires exclusive jurisdiction and prohibition lies to restrain another court from proceeding if it is threatening to do so. [Citing cases.]

.    .    .    .    .    .    .    .    .    .    .    .    .

"The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits,—in short, to prevent two actions between the same parties involving the same subject matter from proceeding independently of each other. We think there is no distinction in reason or difference in principle between a case where a later action between the same parties involving the same subject matter is commenced in the same state and a case where a later action between the same parties

involving the same subject matter is commenced in another state. If proceedings should be stayed in the first case mentioned, it is in order to avoid a multiplicity of suits and prevent vexatious litigation, conflicting judgments, confusion and unseemly controversy between litigants and courts. Any and all of this may occur where the later action is commenced in another state, as well as where it is commenced in the same state. (14 Am.Jur. § 243, p. 436.)

.    .    .    .    .    .    .    .    .    .    .    .

"We think it manifest that respondent court abused its discretion in not staying as a matter of comity, further proceedings in the California action until the final determination of the Texas action."

We do not believe that *Simmons* v. *Superior Court* is determinative of the instant proceeding as there is a distinct difference in the factual situation. Petitioner herein filed an action in the superior court of Del Norte County against defendants Rogers and Joe Gentry (sued as Doe defendant) to recover damages resulting from a fire in Crescent City. Personal service was obtained on Gentry and certain property alleged to belong to defendants Rogers was attached. Proceedings were commenced to obtain service on defendants Rogers by publication as they were citizens and residents of the State of Oregon and no personal service could be made on them outside of California. We have hereinbefore set out the various steps in the two cases and it appears that petitioner, failing to get personal service on defendants Rogers in California, filed an action against them only in the United States District Court in Oregon. Petitioner did not join Gentry as a defendant in the Oregon action, no doubt because Gentry being a resident of California a personal service could not be obtained on him outside of Oregon. The record shows that defendants Rogers thereafter appeared and filed an answer in the California action, and filed a motion to stay proceedings in the California action. Petitioner, now having the defendants Rogers and defendant Gentry before the superior court of Del Norte County and subject to a judgment *in personam,* moved to dismiss the action filed by it in the United States District Court in Oregon. Under rule 41(a) of Federal Rules of Civil Procedure, after answer filed, an action may be dismissed without prejudice only by filing a stipulation of dismissal signed by all parties who have appeared in the action or upon order of the court and upon such terms and conditions as the court deems proper.

(35 C.J.S., p. 1174.) This motion was opposed by defendants Rogers and was denied by the court. Thereafter petitioner made a motion in the United States District Court in Oregon to abate the Oregon action, which motion was granted as hereinbefore set forth, and thereafter the respondent superior court granted the motion of the defendants Rogers staying proceedings in said action until final disposition of the action filed in the United States District Court in Oregon.

It thus appears that the only action in which the defendants John C. Rogers, Ruth V. Rogers and Joe Gentry are parties defendant is at issue in the superior court of Del Norte County and that the action filed by petitioner in the United States District Court in Oregon, in which only defendants Rogers are parties defendant, has been ordered stayed and abated pending the final determination of the action in the California superior court. It also appears that the action in the superior court is the action that was filed first and that the alleged cause of action arose in Del Norte County. It is obvious that petitioner filed the action in the United States District Court in Oregon because it could not obtain personal service on defendants Rogers in California, but when defendants Rogers appeared and answered in the California action, that action became the only action in which a complete determination of the issues between petitioner and John C. Rogers, Ruth V. Rogers and Joe Gentry could be had. If petitioner proceeded to trial against defendants Rogers in the United States District Court in Oregon, it would still have to proceed to trial in the superior court in California in order to obtain a judgment against Gentry. Under such circumstances we think that neither reason nor authority can justify the order staying the trial of the California action.

We are unable to agree with counsel for respondents that because petitioner filed the action against defendants Rogers in the United States District Court in Oregon after it had filed the action against the defendants Rogers and Joe Gentry in the superior court of Del Norte County, it must first proceed with the trial of the case in the Oregon court. Nor does the fact that the order staying proceedings in the federal court in Oregon was made on motion of petitioner affect its right to have the California action tried. As stated in *Simmons* v. *Superior Court, supra,* at page 130: "Equity abhors a multiplicity of action. 'It is the policy of the law to reduce to the minimum the number of actions which may

subsist between the same parties.' (*Rilcoff* v. *Superior Court,* 50 Cal.App.2d 503, 506 [123 P.2d 540].)' ''

▆ Under all of the facts and circumstances of the instant proceeding, as shown by the record, we are convinced that it was an abuse of discretion for the respondent superior court to order proceedings in the action on file in the superior court of Del Norte County stayed until the final disposition of the action filed in the United States District Court in Oregon.

▆ The order granting the stay is nonappealable (Code Civ. Proc., § 963), and therefore petitioner has no speedy or adequate remedy by appeal. ▆ To quote again from *Simmons* v. *Superior Court, supra,* at page 132:

"Mandate lies to control judicial discretion when that discretion has been abused. [Citing cases.] In the Hays case [16 Cal.2d 260, 265 (105 P.2d 975, 130 A.L.R. 1003)] the court stated, page 266: ' "An abuse of discretion, however, is not the exercise of discretion, but is action beyond the limits of discretion, and it is settled that the writ [mandate] will issue to correct such abuse if the facts otherwise justify its issuance." ' ' '

Let a peremptory writ of mandate issue commanding respondent court to proceed with the trial of said action No. 4919 pending in respondent court.

Van Dyke, P. J., and Peek, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied June 29, 1955.