[Civ. No. 5472. Fourth Dist. Jan. 10, 1957.]

WRATHER-ALVAREZ BROADCASTING, INC. (a Corporation) et al., Petitioners, v. JOHN A. HEWICKER, as Judge, etc., Respondent.

Luce, Forward, Kunzel & Scripps and Fred Kunzel for Petitioners.

James Don Keller, District Attorney (San Diego), and Claude B. Brown, Deputy District Attorney, for Respondent.

THE COURT.—Petitioner Wrather-Alvarez Broadcasting, Inc., operates a television broadcasting station in San Diego and through its agent, petitioner Harold Keen, broadcasts daily news programs. Respondent judge is engaged in the

trial of a certain kidnaping case attracting considerable public attention. Petitioner Keen alleges that in attending the court proceedings and reporting the news he is unable to take longhand notes rapidly enough to accurately set forth the witnesses' testimony; that on December 21, 1956, in order to assist him, he took his assistant, a shorthand secretary, with him to said court for the purpose of taking shorthand notes of certain of the proceedings so he could make an accurate broadcast of the testimony; that said judge stated to him in open court that he would not allow Harold Keen or his assistant to take shorthand notes in the courtroom; that the trial judge announced there was only one official reporter for that court and that there would be no other reporter sitting around taking shorthand notes; that if the assistant was an authorized representative of the press in her own right, designated by some newspaper in San Diego, he would let her report but that she could not do it for some other reporter; that if Harold Keen wanted a transcript of any testimony he would have to obtain it from his reporter, at the reporter's convenience, and at his own expense; and that if Mr. Keen disagreed with him he suggested that Keen obtain a writ of mandamus. Petitioner then alleges he was unable to obtain a reporter's transcript in time for his broadcast because of press of business of the reporter.

This writ is sought to compel the trial judge to allow said Harold Keen and his assistant to take shorthand notes of the testimony of such witnesses as he may desire for use in his broadcasting program. An order to show cause was issued. A demurrer to the petition was interposed and an answer was filed admitting some of these allegations, denying others, and alleging that Harold Keen was interviewing, on his program, certain of the witnesses who had testified at the trial and who had been excused, and the judge thought this might well influence the jurors if they heard it and that this might interfere with the judicial process of his court; that he had the inherent power to preclude anyone in his courtroom from taking shorthand notes of the proceedings where there was an official reporter present.

Argument is made that the form of writ sought should have been a writ of prohibition rather than mandamus. ▮ Mandamus is the form of writ invited by the respondent court and it is an appropriate remedy for the enforcement of a civil right. (*Stone* v. *Board of Directors of Pasadena,* 47 Cal.App.2d 749 [118 P.2d 866]; *Pacific Engine etc. Works*

v. *Superior Court,* 132 Cal.App.2d 739, 745 [282 P.2d 937] ; *Hays* v. *Superior Court,* 16 Cal.2d 260, 264 [105 P.2d 975].)

▉ It is a well-known rule of law that the right of freedom of speech and press is not subject to restraints previous to publication or censorship, although the speaker shall be held accountable for what he says or prints. (*Dailey* v. *Superior Court,* 112 Cal. 94, 97 [44 P. 458, 53 Am.St.Rep. 160, 32 L.R.A. 273] ; *Near* v. *State of Minnesota ex rel. Olson,* 283 U. S. 697 [51 S.Ct. 625, 75 L.Ed. 1357] ; 11 Am.Jur. pp. 1110-1111, sec. 320.) ▉ A newspaper or a reporter thereof may not be punished for contempt for reporting the truth of testimony given in a pending trial (*McClatchy* v. *Superior Court,* 119 Cal. 413 [51 P. 696, 39 L.R.A. 691].)

In *Craig* v. *Harney,* 331 U. S. 367 [67 S.Ct. 1249, 91 L.Ed. 1546], it was said:

"A trial is a public event. What transpires in the court-room is public property. . . . Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire (in) proceedings before it."

▉ Publications by the press may not be punished as contempt until they interfere with and obstruct the orderly administration of justice. (*In re Shuler,* 210 Cal. 377 [292 P. 481] ; *Turkington* v. *Municipal Court,* 85 Cal.App.2d 631 [193 P.2d 795].) ▉ The protection given to the freedom of speech and press is extended to the medium of television, there being no distinction between the various methods of communication. (*Public Utilities Com.* v. *Pollak,* 343 U.S. 451 [72 S.Ct. 813, 96 L.Ed. 1068] ; *Superior Films, Inc.* v. *Department of Education,* 346 U. S. 587 [74 S.Ct. 286, 98 L.Ed. 329] ; *Joseph Burstyn, Inc.* v. *Wilson,* 343 U. S. 495 [72 S.Ct. 777, 96 L.Ed. 1098].)

▉ Under section 128 of the Code of Civil Procedure every court shall have power to preserve and enforce order in its immediate presence and to control, in furtherance of justice, the conduct of its ministerial officers and of all other persons in any manner connected with the judicial proceedings before it, in every matter pertaining thereto. Section 1209 thereof describes the acts or omissions constituting contempt such as "1. Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceeding; 2. A breach

of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a trial or other judicial proceedings''; and ''No speech or publication reflecting upon or concerning any court or any officer thereof shall be treated or punished as a contempt of such court unless made in the immediate presence of such court while in session and in such a manner as to actually interfere with its proceedings.'' Section 1211 thereof provides for summary punishment for contempt in the court's presence and also for a contempt not committed in the court's presence.

*Kirstowsky* v. *Superior Court*, 143 Cal.App.2d 745 [300 P.2d 163], involved the exclusion of the members of the press and public from the courtroom during a criminal trial. A writ of mandate was employed to test the question. It was there said that under sections 124-125 of the Code of Civil Procedure the sittings of every court of justice shall be public, with certain exceptions noted; that it applied not only to defendant but that it is a matter of public interest and concern; that the people are interested in knowing, and have the right to know how their servants, the judge, county attorney, sheriff and clerk conduct the public business; that the right of the public to attend sessions of the court is too well established by the common law and by our statutory law to permit the exclusion of the public except in cases provided for by statutes, or under circumstances which make it a proper exercise of the court's discretion in order to accord the defendant a fair trial. There, the exclusion of the public was requested by the defendant because of his personal emotional disturbance while testifying, and this request was granted by the court. The appellate court, in mandamus proceeding, under the circumstances, held that the public and press could be rightfully excluded during the hearing of defendant's testimony only, but could not be excluded during the entire trial. It was also held that members of the press are in the same position as other members of the public, and have no greater right to be present at court hearings than any other member of the public.

Insofar as the facts before us are concerned, we will only consider the question of the right of petitioner or his assistant while in the courtroom, to make shorthand notes of the proceedings of the court for whatever purpose they may desire, so long as it does not then and there interfere with the orderly conduct of the proceedings before the court or

its officers. ■ What petitioners may do with said notes or the manner in which they may use them afterwards is not before us for consideration. That would be a separate proceeding and would not amount to a contempt in the presence of the court.

■ The court may, within reason, regulate the conduct of members of the press or the public while they are in the courtroom. (Code Civ. Proc., § 128.) It does not appear that the trial judge predicated his order in the instant case upon the ground that the action of the petitioner in taking shorthand notes in the courtroom was disturbing the jury, the court or the orderly conduct of the proceedings. The undisputed showing indicates otherwise.

■ We conclude that petitioner or his assistant is authorized at any public hearing in the court where he is rightfully in attendance to take such notes as he may desire concerning the proceedings in any form selected by him so long as it does not interfere with the orderly conduct of the proceedings before the court or its officers. (*People* v. *Hartman,* 103 Cal. 242 [37 P. 153, 42 Am.St.Rep. 108] ; *People* v. *Byrnes,* 84 Cal. App.2d 72 [190 P.2d 290] ; *People* v. *Kerrigan,* 73 Cal. 222 [14 P. 849] ; *People* v. *Letoile,* 31 Cal.App. 166 [159 P. 1057].)

Let a writ issue as prayed for, subject to the limitation herein expressed.

A petition for a rehearing was denied January 23, 1957, and the following opinion was then rendered:

THE COURT.—On petition for rehearing it is pointed out by respondent judge that Harold Keen, personally, was not denied the privilege of taking notes in the courtroom, but that his order was directed solely to Keen's assistant who was there for that purpose. With this clarification, the petition for a rehearing is denied.

Respondent's petition for a hearing by the Supreme Court was denied March 5, 1957.