[Civ. No. 496.   Fifth Dist.   Apr. 22, 1965.]

JOE NEVENS, Plaintiff and Appellant, v. THE CITY OF CHINO et al., Defendants and Respondents.

Tony Geram, A. L. Wirin and Fred Okrand for Plaintiff and Appellant.

Charles D. Warner for Defendants and Respondents.

CONLEY, P. J.—Joe Nevens sued for an injunction to prevent the City of Chino and its city council from enforcing a measure adopted on or about July 18, 1961, by which it was provided: "That from and after this date, no tape recorder or mechanical device for the purpose of obtaining tapes or recordings of Council proceedings be permitted in the Council chamber."

The plaintiff alleged that he is a professional newspaper reporter residing in San Bernardino and that from June, 1960, to February 8, 1961, he was a staff reporter-photographer for "The Daily Report," a newspaper published at Ontario, California, with the assigned duty, among others, of covering the municipal and community events which occurred in Chino and Montclair; that his employment by that paper ceased on about the latter date, but that he continued to attend the Chino City Council meetings as a "professional free lance reporter and as a private citizen interested in their deliberations."

The plaintiff further alleged that among the paraphernalia used by him in his profession was a portable tape recorder which operated without noise or interference with the proceedings of the city council; he used the instrument openly in full view of the council and of anyone else in the council chambers. Since the council adopted the measure, plaintiff "has been unable to attend such City Council meetings utilizing his tape recorder. . . ." (In this connection, it should be noted that the resolution of the city council did not explicitly provide any penalty for a breach, but it is apparent that the council could exclude from their meetings anyone who did not comply with their requirements.)

The pleading states that the city council does not keep a verbatim record of its proceedings and that the actual minutes are only abbreviated summaries of what takes place and do not show in detail a discussion of the various measures by the members of the city council. The meetings, of course, are public and none of them is a closed or executive session. The plaintiff complains that the rights of freedom of the press and of speech provided by the First Amendment to the United States Constitution and by article I, section 9 of the Constitution of Califor-

nia have been violated. He states that the use of the tape recording device is an aid as necessary in his work as was his prior use of pen or pencil and paper, and that the action of the Chino City Council improperly prevents the performance of his duties as a free lance reporter. The plaintiff also calls attention to the provisions of the Ralph M. Brown Act (Gov. Code, §§ 54950-54958), which require public hearings by city councils and other similar governmental bodies within the state, and which include in their enactment the following language:

''In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly. The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.'' (Gov. Code, § 54950.)

The plaintiff's pleading is completed by the statement that unless restrained by the court, the defendants will enforce said resolution, and that plaintiff has no plain, speedy, or adequate remedy at law, his only remedy being an injunction.

A general demurrer to the pleading was sustained by the court, which granted plaintiff 10 days to amend. Notice of the ruling was given counsel for plaintiff in due course, and no amendment having been filed, the city attorney made a successful motion for the dismissal of the suit.

While it is repeatedly said that the object of the litigation is the enforcement of the constitutional provisions for free speech and a free press, an analysis of the situation shows that these rights are only incidentally and collaterally implicated. The plaintiff seeks permission to use a noiseless and self-operated mechanical device, as an aid to his profession as a newspaper reporter; this silent tape recorder, an invention of recent years, operates without any disturbance and, as alleged, is presently as much a part of plaintiff's professional equipment as a pen, or pencil, and a sheet of paper used to be in trying to keep an accurate record of what takes place at public meetings.

The principle of the freedom of the press may be invoked by anyone in the country; it is not necessary that such person be an actual newspaper reporter. This case does not in-

volve the right to make a statement or to give an opinion, and the constitutional provisions protecting a free press and free speech are only indirectly affected. However, the collateral impact of the right sought to be enforced makes the contention important, for an unreasonable deprivation of the means to make an accurate record of what transpires in a public meeting would necessarily affect the accuracy and plenitude of newspaper reports. Suppose, for example, that the Chino City Council had attempted to prohibit the use of pen, or pencil and paper, at the sessions held by them; such a measure would at once strike anyone as being an improper means of exerting official power, and the surprise and dissatisfaction generated by such an arbitrary rule would undoubtedly lead to a prohibition by the courts of such a foolish attempt to exercise governmental power.

Is not the present situation similar? It is true that a city council has an absolute right to adopt and enforce such rules and regulations as are necessary to protect its public meetings. (Gov. Code, § 36813.) For example, the council has unquestioned power to prohibit any disturbance at its meetings. Furthermore, the city could properly prevent the use of municipal electricity, or any similar product, in a recording machine operated by a reporter. And the rights of others in the audience should not be infringed; that is to say, a rule could be made that a reporter cannot occupy any more space than any other citizen. But the plaintiff says that his machine is silent and unobtrusive and that it does not interfere in any way with the meetings of the council; it is not claimed that he uses electricity of the city, or that he interferes with the auditory rights of other citizens. The court can take judicial notice that there have been developed during recent years more than one variety of noiseless tape recorder. The action of the city council is too arbitrary and capricious, too restrictive and unreasonable. (*Wollam* v. *City of Palm Springs,* 59 Cal.2d 276 [29 Cal.Rptr. 1, 379 P.2d 481]; *Alves* v. *Justice Court,* 148 Cal.App.2d 419 [306 P.2d 601]; 35 Cal.Jur.2d, Municipal Corporations, § 228, pp. 48-49.) It bars what clearly should be permitted in making an accurate record of what takes place at such meetings.

Accuracy in reporting the transactions of a public governing body should never be penalized, particularly in a democracy, where truth is often said to be supreme. Governmental measures based upon police power should always be well defined and reasonably exercised. And here reason is down-graded. If a shorthand record of such a meeting is more accurate than long

hand notes, then the use of shorthand is to be approved (*Wrather-Alvarez Broadcasting, Inc.* v. *Hewicker,* 147 Cal. App.2d 509, 514 [305 P.2d 236]); and if the making of a tape record is a still better method of memorializing the acts of a public body it should be encouraged.

As no one is harmed, the use of a silent tape recorder operated exclusively by the person interested in making such a record must be permitted. The general rule approved in *Wrather-Alvarez Broadcasting, Inc.* v. *Hewicker, supra,* 147 Cal.App.2d 509, 514, is applicable:

"We conclude that petitioner or his assistant is authorized at any public hearing in the court where he is rightfully in attendance to take such notes as he may desire concerning the proceedings in any form selected by him so long as it does not interfere with the orderly conduct of the proceedings. . . ." (See also *People* v. *Hartman,* 103 Cal. 242 [37 P. 153, 42 Am. St.Rep. 108]; *People* v. *Byrnes,* 84 Cal.App.2d 72 [190 P.2d 290]; *People* v. *Kerrigan,* 73 Cal. 222 [14 P. 849]; *People* v. *Letoile,* 31 Cal.App. 166 [159 P. 1057].)

The judgment is reversed with directions to the trial court to set aside the dismissal and the order sustaining the demurrer to the first amended complaint, to overrule the demurrer, and to allow the defendants a reasonable time to answer.

Stone, J., concurred.

Brown (R. M.), J., deeming himself disqualified, did not participate.