137 N.J. Super. 149 (1975)
348 A.2d 216
HELEN SUDOL, INDIVIDUALLY, AND ON BEHALF OF ALL PERSONS AND TAXPAYERS IN THE BOROUGH OF NORTH ARLINGTON, SIMILARLY SITUATE, PLAINTIFFS,
v.
THE BOROUGH OF NORTH ARLINGTON, A BODY CORPORATE AND POLITIC, THE NORTH ARLINGTON MUNICIPAL COUNCIL, AND HEADLEY HOUSE, CLERK OF THE BOROUGH OF NORTH ARLINGTON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 5, 1975.
*150 Mr. Alfred A. Porro, Jr., attorney for plaintiffs (Mr. Joseph A. Pojanowski, III, of counsel).
Mr. Frank Piscatella, attorney for defendants.
Mr. Michael I. Lubin, attorney for American Civil Liberties Union, amicus curiae.
MORRISON, J.D.C., Temporarily Assigned.
This is the return of an order to show cause which contained a temporary restraint directed to defendant Borough of North Arlington restraining it from interfering with plaintiff Helen Sudol recording or taping its public meetings.
This matter was heard in full on October 7, 1975, the return of the order to show cause, and I find the following facts:
*151 Plaintiff Helen Sudol is the owner of property located at 21 Lincoln Avenue, North Arlington, New Jersey; she is a member of a group entitled "Alert Citizens of North Arlington" and, in fact, is the president of said group. This suit was originally instituted by Helen Sudol on her own behalf and on behalf of all other taxpayers of the borough. The class action phase of this matter was abandoned by plaintiff and she proceeds as though it were her individual suit.
The American Civil Liberties Union applied for and was granted the right to file a brief amicus curiae. Its brief has been most helpful to the court in deciding the issues presented here.
The testimony shows that on August 4, 1975 plaintiff attended the borough clerk's office, spoke to Borough Clerk House personally and requested the minutes of the municipality for the meetings of July. She was thereupon informed that the minutes had not been transcribed beyond April. There were no minutes for review for May, June or July. The fact that the borough's minutes were not transcribed for periods of two to four months is borne out by the testimony of the clerk himself.
Plaintiff, as a taxpayer, recorded the proceedings of the June meeting on a portable self-contained, self-powered tape recorder and was warned by one of the borough's officials, Serko, that she had no right to tape the proceedings. By reason of the fact that the minutes were so long delayed, plaintiff again taped the proceedings of the public meeting of August 12; she used her own private tape recorder, described as being about two inches thick by four inches in width by about ten inches in length. This tape recorder is operated on batteries, and its microphone is an integral part of the tape recorder. Plaintiff on August 12 turned on the recorder and put it on the floor. The evidence is clear that at no time during the entire meeting did the tape recorder disturb anyone. It made no noise, it did not obstruct *152 vision, it did not cause any disturbance. As a matter of fact, the testimony showed that no one knew plaintiff was recording the proceedings until after the meeting was over. At the completion of the public meeting one of the councilmen, Kaiser, became aware that the meeting had been taped by plaintiff, and he reported this to Councilman Keegan. A conference then took place between the councilmen and the municipal attorney, the result of which was an order issued by the councilman to the plaintiff to surrender the tape or she could not leave the meeting hall. Plaintiff, rather than cause any further trouble surrendered the tape under protest and received a receipt for the same.
The testimony shows that at no time had the municipality adopted any ordinance or resolution which in any way prohibited the taping of a public meeting. It was stipulated in open court that defendant had and would permit the taking of notes, including the taking of verbatim shorthand notes.
Plaintiff further testified that the "Alert Citizens of North was to provide an accurate record for discussion by the members of the "Alert Citizens of North Arlington" at their meeting. Plaintiff explained that there were members of this group who for various reasons could not attend the municipal meetings personally.
Plaintiff further testified that the "Alert Citizens of North Arlington" were not politically aligned as Democrats or Republicans but were just concerned citizens.
The municipality relies for its authority to bar tape recording of its public meetings on Guarriello v. Benson, 90 N.J. Super. 233 (Law Div. 1966). The court is constrained to disregard this case as being authority for the municipality to act as it did in the instant case. Guarriello is restricted completely by the stipulation contained therein to a holding that the municipal clerk is not obliged to allow a tape recording of a municipal meeting made by a municipality to be re-recorded for public use.
*153 There are a dearth of cases on this subject across the country. The New York Supreme Court, in Davidson v. Common Council of City of White Plains, 40 Misc.2d 1053, 224 N.Y.S.2d 385 (1963), held that a legislative body has the power to forbid the use of a mechanical recording device if, in the body's judgment, the recording of legislative process distracts from true deliberative process of body. The testimony in the instant case clearly establishes beyond any question that Mrs. Sudol's recording device in no way disturbed anybody. As a matter of fact, no one even knew it was being done until after the meeting was over.
Sigma Delta Chi v. Speaker, Maryland House of Delegates, 270 Md. 1, 310 A.2d 156 (Ct. App. 1973), held that the Legislature had the right to bar all recording or note-taking of its proceedings without permission of the speaker. This case has no application to the facts in the instant case. The North Arlington council had no ordinance or resolution which in any way restricted this plaintiff from recording the proceedings of the public meeting.
Nevens v. City of Chino, 233 Cal. App.2d 775, 44 Cal. Rptr. 50 (D. Ct. App. 1965) is most closely in point and its logic is persuasive. The Chino city council adopted a resolution barring the recording of council proceedings, and this resolution was under direct challenge by plaintiff. California had provisions in its Code similar to the right-to-know provisions in the New Jersey law and to the provisions contained within the Sunshine Law recently adopted wherein both California and New Jersey have declared that it is the public policy of the State that the general public has the right to be fully informed on the actions of its elected officials.
Presiding Judge Conley held in Nevens v. City of Chino, supra, that
While it is repeatedly said that the object of the litigation is the enforcement of the constitutional provisions for free speech and a free press, an analysis of the situation shows that these rights are only incidentally and collaterally implicated. The plaintiff seeks permission to use a noiseless and self-operated mechanical device, as *154 an aid to his profession as a newspaper reporter; this silent tape recorder, an invention of recent years, operates without any disturbance and, as alleged, is presently as much a part of plaintiff's professional equipment as a pen, or pencil, and a sheet of paper used to be in trying to keep an accurate record of what takes place at public meetings. The principle of the freedom of the press may be invoked by anyone in the country; it is not necessary that such person be an actual newspaper reporter. This case does not involve the right to make a statement or to give an opinion, and the constitutional provisions protecting a free press and free speech are only indirectly affected. However, the collateral impact of the right sought to be enforced makes the contention important, for an unreasonable deprivation of the means to make an accurate record of what transpires in a public meeting would necessarily affect the accuracy and plentitude of newspaper reports. Suppose, for example, that the Chino City Council had attempted to prohibit the use of pen, or pencil and paper, at the sessions held by them; such a measure would at once strike anyone as being an improper means of exerting official power, and the surprise and dissatisfaction generated by such an arbitrary rule would undoubtedly lead to a prohibition by the courts of such a foolish attempt to exercise governmental power.
Is not the present situation similar? It is true that a city council has an absolute right to adopt and enforce such rules and regulations as are necessary to protect its public meetings. (Gov. Code, § 36813.) For example, the council has unquestioned power to prohibit any disturbance at its meetings. Furthermore, the city could properly prevent the use of municipal electricity, or any similar product, in a recording machine operated by a reporter. And the rights of others in the audience should not be infringed; that is to say, a rule could be made that a reporter cannot occupy any more space than any other citizen. But the plaintiff says that his machine is silent and unobtrusive and that it does not interfere in any way with the meetings of the council; it is not claimed that he uses electricity of the city, or that he interferes with the auditory rights of other citizens. The court can take judicial notice that there have been developed during recent years more than one variety of noiseless tape recorder. The action of the city council is too arbitrary and capricious, too restrictive and unreasonable. (Wollam v. City of Palm Springs, 59 Cal.2d 276, 29 Cal. Rptr. 1, 379 P.2d 481; Alves v. Justice Court, etc., 148 Cal. App.2d 419, 306 P.2d 601; 35 Cal. Jur.2d Municipal Corporations. § 228, pp. 48-49.) It bars what clearly should be permitted in making an accurate record of what takes place at such meetings.
Accuracy in reporting the transactions of a public governing body should never be penalized, particularly in a democracy, where truth is often said to be supreme. Governmental measures based upon police power should always be well defined and reasonably exercised. And here reason is down-graded. If a shorthand record of *155 such a meeting is more accurate than long hand notes, then the use of shorthand is to be approved (Wrather-Alvarez Broadcasting, Inc. v. Hewicker, 147 Cal. App.2d 509, 514, 305 P.2d 236); and if the making of a tape record is a st.ll better method of memorializing the acts of a public body it should be encouraged.
As no one is harmed, the use of a silent tape recorder operated exclusively by the person interested in making such a record must be permitted. The general rule approved in Wrather-Alvarez Broadcasting, Inc. v. Hewicker, supra, 147 Cal. App.2d 509, 514, 305 P.2d 236, 239, is applicable:
"We conclude that petitioner or his assistant is authorized at any public hearing ... where he is rightfully in attendance to take such notes as he may desire concerning the proceedings in any form selected by him so long as it does not interfere with the orderly conduct of the proceedings * * *." [at 51-52]
This court is satisfied that Mrs. Sudol is entitled to record the proceedings of the public meetings of North Arlington for the reasons and logic expressed in Chino.
The Defendant Borough of North Arlington is hereby permanently restrained from interfering with or prohibiting Helen Sudol from tape recording its public meetings. The borough is hereby ordered to return to her the tape cassette taken from her on August 12, 1975.