QUESTIONS:
1. Can the Fort Myers Beach Fire Control District deny an individual the opportunity to record the monthly meetings of the district?
2. If the individual cannot record, what action can the board take to prevent the recording?
SUMMARY:
The Fort Myers Beach Fire Control District may not prohibit a citizen from tape recording the public meetings of the district through the use of silent, nondisruptive tape recorders.
The Fort Myers Beach Fire Control District was established by Ch. 27676, 1951, Laws of Florida, as amended by Chs. 63-1539 and 63-1553, Laws of Florida. It does not appear that any of the above-cited special acts empower the district to adopt rules of government or procedure.
In AGO 072-297 this office stated that a rule which arbitrarily prohibited any and all tape recordings of the proceedings of the board of trustees of a county hospital might be struck down as being too arbitrary and unreasonable. However, it was further noted that a rule which reasonably regulated the use of tape recording devices in recording public meetings would be presumptively valid and might be upheld. This conclusion was based in part upon s. 155.10, F. S., which empowered the hospital board to `make and adopt such bylaws and rules and regulations for their own guidance and for the government of the hospital as may be deemed expedient for the economic and equitable conduct thereof . . . .' See also 67 C.J.S. Parliamentary Law s. 3; and 56 Am. Jur.2dMunic. Corp. s. 156, which recognize the general rule that deliberative and quasi-legislative bodies may adopt such rules of parliamentary procedure as are necessary in order to function in an orderly and businesslike manner.
In Nevins v. City of Chino, 44 Cal.Rptr. 50 (1965), the court invalidated a city rule which prohibited the use of all tape recorders at public council proceedings. In invalidating the measure, the court found the action of the city council arbitrary, capricious, restrictive, and unreasonable. Because of recent technical developments in the area of noiseless tape recorders and the fact that accuracy in reporting public events should not be penalized in a democracy where truth is often said to be supreme, the ban, which was based on the city's policy power, was found to be unreasonable.
In Sudol v. Borough of North Arlington, 348 A.2d 216 (N.J. 1975), the court adopted the reasoning of Chino and permanently restrained a local school board from interfering with or prohibiting a citizen from tape recording the board's public meetings. In the opinion, the court specifically noted that New Jersey, like California, had adopted `sunshine laws' which declare that it is the public policy of the state that the general public has the right to be fully informed of the actions of its elected officials. In Florida, the Sunshine Law, s. 286.011, F. S., has been similarly construed to constitute a statement of public policy that all meetings of any board or commission over which the Legislature has dominion and control be open and accessible to the public. Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
The only contrary case, Sigma Delta Chi v. Speaker, Maryland House of Delegates, 310 So.2d 156 (Md. 1973), rejected a constitutional
challenge to a rule promulgated by the Maryland House of Delegates which prohibited possession of tape recorders at sessions of the Legislature. In upholding the rule, the court noted that it had its basis in the Maryland Declaration of Rights which provided that `[e]ach House shall . . . determine the rules of its own proceedings. . . .'
In the instant case, however, we are not dealing with a legislative rule promulgated pursuant to constitutional authority but rather a local ordinance, resolution, or rule enacted in the absence of statutory authorization.
Moreover, the Legislature has apparently recognized that the public should be permitted to silently tape record public meetings. This is evidenced by the amendment of Ch. 934, the Security of Communications Act, at s. 934.02, F. S., to provide that `oral communication' does not mean any public oral communication uttered at a public meeting.
Accordingly, unless legislatively or judicially clarified to the contrary, a rule which prohibits the use of all tape recorders, including silent recorders that are neither distracting nor disruptive, is probably unreasonable and arbitrary and in conflict with the public policy of the state as interpreted under s.286.011, F. S., and as impliedly recognized by the Legislature through the enactment of s. 934.02(1), F. S.
Prepared by: Sharyn L. Smith Assistant Attorney General