Fred H. Flowers Attorney for City of Midway
QUESTION: May a municipality prohibit a private citizen from recording by video camera the monthly meeting of the city council?
SUMMARY: A municipality may not prohibit a citizen from video taping the meetings of the city council through the use of nondisruptive video recording devices.
Section 286.011, F.S., Florida's Government in the Sunshine Law, requires that meetings of a public board or commission be "open to the public." Underlying the Sunshine Law's guarantees of public access is a recognition of the public's right to be informed of the actions of its public officials.
In previously considering a similar issue, this office stated that a rule which prohibits the use of all tape recorders, including silent taping devices that are neither distracting nor disruptive, was in conflict with the public policy of the state as interpreted under s. 286.011, F.S.[1] While a public board may adopt reasonable rules and policies to ensure the orderly conduct of its public meeting and to require orderly behavior on the part of those attending, rules prohibiting the use of silent or nondisruptive tape recording devices would appear to be unreasonable and arbitrary and, therefore, invalid.[2]
Moreover, the Legislature in s. 934.02(1), F.S., appears to implicitly recognize the public's right to silently record public meetings. Chapter 934, F.S., the Security of Communications Law, regulates the interception of oral communications.[3]
Section 934.02(2), F.S., however, defines "[o]ral communication" as specifically excluding "public oral communication uttered at a public meeting."[4]
Therefore, I am of the opinion that a municipality may not prohibit a citizen from video recording the meetings of the city council through the use of nondisruptive video taping devices.
RAB/tjw
[1] See, e.g., AGO 77-122, citing Sudol v. Borough of North Arlington, 348 A.2d 216 (N.J. 1975), and Nevins v. City of Chino, 44 Cal.Rptr. 50 (1965) (ban on the use of all tape recorders at public council proceedings was unreasonable because of technical developments in the area of noiseless tape records and the fact that accuracy in reporting public events should not be penalized in a democracy where truth is often said to be supreme). And see, AGO 72-297.
[2] See, e.g., AGO 72-297; see also, 56 Am.Jur.2d Municipal Corporations s. 156.
[3] See generally, State v. News-Press Publishing Company, 338 So.2d 1313 (2 D.C.A. Fla., 1976) (Florida Security of Communications Act prohibits a party to a conversation from recording the conversation without the consent of all parties to the conversation provided the conversation is not public and the intercept is not conducted for the purpose of obtaining evidence of a criminal act as provided in the Act).
[4] See, Inf. Op. to Richard Gerstein, July 16, 1976, stating that public officials may not complain that they are secretly being recorded during public meetings in violation of s.934.03, F.S.