Honorable Randall K. Gaylord San Juan County Prosecuting Attorney 350 Court Street P.O. Box 760 Friday Harbor, WA 98250
Dear Mr. Gaylord:
By letter previously acknowledged, you have requested our opinion on the following paraphrased questions:
 May a county legislative body prohibit an individual from using a video or audio recording device to record a meeting or hearing conducted by county officials? If such recording cannot be prohibited, may the legislative body impose restrictions on the use of such recording devices?
 BRIEF ANSWER
A county is subject to the Open Public Meetings Act which generally requires that meetings of the governing body be open to the public and that no conditions precedent to attendance by the public, except for orderly conduct, may be imposed. Therefore, a county legislative body may not ban the use of recording devices from the open portion of a meeting held pursuant to the Open Public Meetings Act. The county legislative body may impose restrictions on the use of recording devices, but only to the extent necessary to preserve the orderly conduct of the meeting. Executive sessions held pursuant to the Open Public Meetings Act are not open to the public, and the county legislative body may ban the use of recording devices at executive sessions. The county legislative body may ban the use of recording devices at public meetings that are not subject to the Open Public Meetings Act or to some other state statute that limits county authority. A county legislative authority may ban the use of recording devices to record conversations at private meetings not open to the public.
 ANALYSIS 1. INTRODUCTION
You have asked about the power of a county legislative body to prohibit or regulate private video or audio taping of meetings and hearings conducted by county officials. We begin with the principle that a county's legislative authority is limited by laws enacted by the Legislature. In AGO 1991 No. 17, we summarized this principle as follows:
 The general rule is that municipal corporations are limited to those powers expressly granted to them by the Legislature and to powers necessarily or fairly implied in or incident to the powers expressly granted. Chemical Bank v. WPPSS, 99 Wn.2d 772, 792, 666 P.2d 329 (1983); City of Spokane v. J-R Distributors, Inc., 90 Wn.2d 722, 585 P.2d 784 (1978). At least as to matters of local concern, however, this general rule does to [sic] apply to cities and counties that have adopted charters pursuant to article 11, sections 4 and 10, of the Washington Constitution, respectively, or to cities operating under the Optional Municipal Code, Title 35A RCW. These cities and counties have legislative power akin to that of the state, except that their actions cannot contravene any constitutional provision or legislative enactment. Thus, such a city or county has broad legislative power except when restricted by enactments of the state. King Cy. Coun, [sic] v. Public Disclosure Comm'n, 93 Wn.2d 559, 562-63, 611 P.2d 1227 (1980); Winkenwerder v. Yakima, 52 Wn.2d 617, 622, 328 P.2d 873 (1958); La Mon v. Westport, 22 Wn. App. 215, 217-18, 588 P.2d 1205
(1978); Chemical Bank v. WPPSS, 99 Wn.2d 772, 792-93, 666 P.2d 329
(1983).
AGO 1991 No. 17 at 2. Thus, state law constitutes a limit on county legislative authority. Your question does not specify a particular type of meeting or hearing so our response is necessarily general and discusses broad categories. The first category is meetings held pursuant to the Open Public Meetings Act, RCW 42.30.
 2. OPEN PUBLIC MEETINGS
The purpose of the Open Public Meetings Act is to allow the public to view the decisionmaking process of government. Cathcart v.Andersen, 85 Wn.2d 102, 107, 530 P.2d 313 (1975). RCW 42.30.030
provides:
 All meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend any meeting of the governing body of a public agency, except as otherwise provided in this chapter.
(Emphasis added.) This basic command that all meetings of the governing body of a public agency be open to the public applies to a county, because a county falls within the definition of public agency. RCW 42.30.020(1) defines "public agency" to mean:
 (a) Any state board, commission, committee, department, educational institution, or other state agency which is created by or pursuant to statute, other than courts and the legislature;
 (b) Any county, city, school district, special purpose district, or other municipal corporation or political subdivision of the state of Washington;
 (c) Any subagency of a public agency which is created by or pursuant to statute, ordinance, or other legislative act, including but not limited to planning commissions, library or park boards, commissions, and agencies[.]
(Emphasis added.) The requirement for open meetings is reinforced by the Legislature's declaration of policy in RCW 42.30.010 which provides:
 The legislature finds and declares that all public commissions, boards, councils, committees, subcommittees, departments, divisions, offices, and all other public agencies of this state and subdivisions thereof exist to aid in the conduct of the people's business. It is the intent of this chapter that their actions be taken openly and that their deliberations be conducted openly.
 The people of this state do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.
(Emphasis added.) In addition, RCW 43.30.910 provides that: "The purposes of this chapter are hereby declared remedial and shall be liberally construed."
Although, RCW 42.30.030 requires that meetings of the governing body of a county be open to the public, the Open Public Meetings Act does not specifically address the issue of recording by video or audio tape. However, other sections of the law lead us to the conclusion that such recording may not be prohibited. RCW42.30.040 prohibits the imposition of conditions precedent to attending an open public meeting. RCW 42.30.040 provides:
 A member of the public shall not be required, as a condition to attendance at a meeting of a governing body, to register his name and other information, to complete a questionnaire, or otherwise to fulfill any condition precedent to his attendance.
(Emphasis added.) While RCW 42.30.040 does not specifically address taping, it prohibits a governing body from requiring, as a condition of attendance at the meeting, that a member of the public refrain from taping the meeting. In fact the only condition that can be imposed on a person attending an open public meeting is orderly conduct. RCW 42.30.050 provides:
 In the event that any meeting is interrupted by a group or groups of persons so as to render the orderly conduct of such meeting unfeasible and order cannot be restored by the removal of individuals who are interrupting the meeting, the members of the governing body conducting the meeting may order the meeting room cleared and continue in session or may adjourn the meeting and reconvene at another location selected by majority vote of the members. In such a session, final disposition may be taken only on matters appearing on the agenda. Representatives of the press or other news media, except those participating in the disturbance, shall be allowed to attend any session held pursuant to this section. Nothing in this section shall prohibit the governing body from establishing a procedure for readmitting an individual or individuals not responsible for disturbing the orderly conduct of the meeting.
(Emphasis added.) These provisions of the Open Public Meetings Act persuade us that a county legislative body may not ban recording devices from open meetings conducted pursuant to that law.
Our conclusion that recording may not be prohibited is consistent with RCW 9.73.030(1), which prohibits an individual, partnership, corporation, association, or the state and its political subdivisions from recording:
 (b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.
(Emphasis added.) RCW 9.73.030(1)(b) does not apply because conversations at an open meeting conducted pursuant to the Open Public Meetings Act are not private. In fact, the law requires the conversations to be public. Thus, if a member of the public used a small hand-held tape recorder to secretly tape an open meeting conducted pursuant to the Open Public Meetings Act, the individual would not be violating RCW 9.73.030(1).
We have found no Washington decisions on point. However, courts from other jurisdictions have considered this question. In Belcherv. Mansi, 569 F. Supp. 379 (D. R.I. 1983), the court considered a policy adopted by the city school committee in Rhode Island. The policy prohibited the use of electric or mechanical devices to tape record a school committee meeting without the approval of the school committee. Belcher, 569 F. Supp at 380. Like Washington's Open Public Meet Act, Rhode Island's Open Meeting Law "mandate[d] that the public be allowed to attend each and all of the Committee's meetings, except for those sessions dealing with a limited number of specified topics". Id. at 381 (referring to
R.I. Gen. Laws § 42-46-5). Rhode Island's law also had a declaration of policy similar to RCW 42.30.010, which states:
 "It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy."
Belcher, 569 F. Supp. at 382 (quoting R.I. Gen. Laws § 42-46-1). Based on the Rhode Island Open Meeting Law, the court concluded that the school committee could not ban tape recording devices. The court said:
 In the court's judgment, a determination that the Act requires the Committee to allow members of the press and public to tape record its meetings follows inexorably from the policy set forth at R.I. Gen. Laws § 42-46-1, previously quoted.
Belcher, 569 F. Supp. at 382; see also Nevens v. City of Chino,233 Cal.App.2d 775, 44 Cal.Rptr. 50 (1965); Mitchell v. Boardof Educ. of the Garden City Union Free Sch. Dist., 113 A.2d 924,493 N.Y.S.2d 826 *regional reporter? (1985); Sudol v. Borough ofNorth Arlington, 348 A.2d 216 (N.J.Super. 1975).
In addition to these decisions we have found Attorney General's Opinions from other states that reach the same conclusion. See Op. Att'y Gen. 96-OMD-143 (Ky. 1996)[1]; 13 Op. Att'y Gen. 196 (Okla. 1981)[2]; Op. Att'y Gen. 24 (S.C. 1988)[3]; 66 Op. Att'y Gen. 318 (Wis. 1977)[4]; Op. Att'y Gen. 87 (Fla. 1991)[5].
The memorandum accompanying your letter suggests several rationales for banning recording devices from open meetings conducted under the Open Public Meetings Act. We have considered these justifications and do not find them persuasive. First, it might be argued that a ban on recording devices does not prohibit a person from attending the meeting but only from recording the meeting. We are not persuaded by this argument. If a person attending a meeting began to use a small hand held tape recorder in defiance of the ban, the governing body would have to enforce its prohibition. This could be done by confiscating the recorder or, if the person refused to surrender the device, by ejecting the person from the meeting. In effect, a ban on recording devices is a condition on attendance at the meeting: A person may only attend if he or she agrees not to record the meeting. Assuming the use of the recording device is not disruptive, the law prohibits the imposition of this requirement as a condition of attendance at the open meeting.
A second suggested rationale for banning recording devices is to avoid questions regarding the official records. RCW 42.32.030
requires that minutes of regular and special meetings be kept and open for public inspection. This rationale does not overcome RCW 42.30.040 and .050 which prohibit conditions precedent to attending an open meeting, except for orderly conduct. In addition, we see no problem arising between the official and unofficial records of meetings and agree with the court in Belcherv. Mansi which rejected a similar argument stating:
 [K]eeping of an official record of the meeting by the Committee does not mean that unofficial records cannot and should not be kept. There is no evidence that informal records could or would be confused with official ones, and common sense argues strongly to the contrary. Moreover, the official records here in question — the Committee minutes — are summary in nature and do not, in any way, constitute a complete report of the proceedings. Thus, unofficial records may well be invaluable if the public is to taste the full flavor of the proceedings.
Belcher, 569 F. Supp. at 383 (footnote omitted).
A third suggested basis is that the presence of recording devices will inhibit free discussion between the members of the governing body or persons appearing before the governing body. Again, this does not overcome the general prohibition on conditions precedent to attendance. Moreover, we are not persuaded by this argument. As the court in Belcher v. Mansi stated:
 While preserving public participation in certain facets of the Committee's meetings is an important consideration, defendants' assertion has no factual support on the record and is belied by common sense. If an individual is willing to stand up and talk in the sometimes volatile setting of a thronged public meeting, at which members of the press are customarily present, that person has little to fear (and much to gain) from the presence of a tape recorder. In any event, the argument, even if it has some marginal value, will not be allowed to defeat the salutary ends which are served by allowing Committee meetings to be taped, at least without convincing evidence to support the proposition.
Belcher, 569 F. Supp. at 383.
Having concluded that a county legislative authority may not ban recording devices from the open portion of a meeting held pursuant to the Open Public Meetings Act, we turn to the second part of your question: Whether a county legislative body may impose restrictions on the use of recording devices, short of prohibiting them entirely. The answer to this question is yes, but the power to impose restrictions is very limited in scope. As we previously noted, RCW 42.30.050 states:
 In the event that any meeting is interrupted by a group or groups of persons so as to render the orderly conduct of such meeting unfeasible and order cannot be restored by the removal of individuals who are interrupting the meeting. . . .
Orderly conduct is the only condition that may be imposed on one attending an open public meeting. Applying this principle to your question we conclude that the use of recording devices may be restricted only to the extent that it is necessary to ensure that the open public meeting is not disrupted.
This conclusion is consistent with the court decisions and Attorney General's Opinions that have addressed this issue. SeeBelcher, 569 F. Supp. at 384[6]; 13 Op. Att'y Gen. 196 (Okla. 1981)[7]; Op. Att'y Gen. 96-OMD-143 (Ky. 1996)[8].
We do not, in this opinion, undertake to set out a list of permissible restrictions. This would be a function of a number of factors including the size of the meeting room and the kind of recording device being used. One might reasonably require that a large video camera be placed in a particular part of the room so it does not interfere with public access to the meeting. Other kinds of restrictions such as requiring a person to tape the entire meeting and provide a copy of the tape to the governing body would not be permissible. This is because these restrictions are not related to preserving the orderly conduct of the meeting.
To summarize, a county legislative body may not prohibit the use of recording devices in the open portion of a meeting held pursuant to the Open Public Meetings Act, but may impose restrictions to the extent necessary to ensure the orderly conduct of the meeting.
 3. EXECUTIVE SESSIONS
The type of meeting next considered is an executive session held pursuant to Open Public Meetings Act. Although RCW 42.30.030
requires meetings to be open to the public, RCW 42.30.110(1) provides that "[n]othing contained in this chapter may be construed to prevent a governing body from holding an executive session during a regular or special meeting". (Emphasis added.) A governing body may only hold executive sessions on certain topics such as the acquisition of real estate. RCW 42.30.110(1)(b). The question is whether a county legislative body can prohibit the tape recording of executive sessions. In our judgment, the answer to this question is yes.
We reach this conclusion because the public is excluded from an executive session when the presiding officers follow the statutory procedure set out in RCW 42.30.110(2) which provides:
 Before convening in executive session, the presiding officer of a governing body shall publicly announce the purpose for excluding the public from the meeting place, and the time when the executive session will be concluded. The executive session may be extended to a stated later time by announcement of the presiding officer.
(Emphasis added.) Since the public is excluded from executive sessions, there is no right to tape record those sessions. The discussions at executive sessions are intended to be private. The conclusion is reinforced by RCW 42.32.030, which governs minutes taken at meetings. RCW 42.32.030 provides: "The minutes of all regular and special meetings except executive sessions of such boards, commissions, agencies or authorities shall be promptly recorded and such records shall be open to public inspection." (Emphasis added.) Thus, minutes of regular and special meetings must be taken and available for public inspections. This is not true of executive sessions.
Our conclusion is consistent with cases and Attorneys General Opinions that discuss this subject. In Dean v. Guste,414 So.2d 862 (La. 1982), the question was whether a member of the school board could tape record an executive session of the board. The board had adopted a policy that prohibited tape recording executive sessions. The court upheld the ban. It noted that the law permits taping by persons attending public meetings and then concluded:
 There is no similar provision relating to the recordation of executive sessions. We interpret the legislature's silence on this matter to mean that each public body should have the prerogative to allow or prohibit the use of tape recorders at closed meetings.
Dean, 414 So.2d at 866; see also Zamora v. Edgewood IndependentSch. Dist., 592 S.W.2d 649, 650 (Tex. 1979)[9]; 66 Op. Att'y Gen. 318 (Wis. 1977)[10].
 4. OTHER PUBLIC MEETINGS
We turn next to meetings that fall outside the Open Public Meetings Act. Although it is broad in scope, not all meetings are governed by the act. By its terms, RCW 42.30.030 only applies to the meetings of governing bodies of public agencies. See RCW42.30.020(1), (2). There are also some kinds of meetings that are excluded from the act. RCW 42.30.140 provides that the Open Public Meetings Act does not apply to:
 (1) The proceedings concerned with the formal issuance of an order granting, suspending, revoking, or denying any license, permit, or certificate to engage in any business, occupation, or profession or to any disciplinary proceedings involving a member of such business, occupation, or profession, or to receive a license for a sports activity or to operate any mechanical device or motor vehicle where a license or registration is necessary; or
 (2) That portion of a meeting of a quasi-judicial body which relates to a quasi-judicial matter between named parties as distinguished from a matter having general effect on the public or on a class or group; or
 (3) Matters governed by chapter 34.05 RCW, the Administrative Procedure Act; or
 (4)(a) Collective bargaining sessions with employee organizations, including contract negotiations, grievance meetings, and discussions relating to the interpretation or application of a labor agreement; or (b) that portion of a meeting during which the governing body is planning or adopting the strategy or position to be taken by the governing body during the course of any collective bargaining, professional negotiations, or grievance or mediation proceedings, or reviewing the proposals made in the negotiations or proceedings while in progress.
The meetings described in RCW 42.30.140 are not governed by the Open Public Meetings Act. They may, nevertheless, be open to the public based on the requirement of some other state statute[11]
or county ordinance or on a voluntary basis by the entity conducting the meeting. Meetings that fall outside the Open Public Meetings Act are not subject to the act's strong policy of open meetings set out in RCW 42.30.010. Moreover, the ban on conditions precedent to attendance, except for orderly conduct, does not apply to such meetings. RCW 42.30.040-.050. In this circumstance, we believe that the county legislative body has the authority to ban the use of recording devices.[12]
 5. PRIVATE MEETINGS
Finally we turn to meetings that are private.[13] Here, the analysis is similar to executive sessions of meetings held pursuant to the Open Public Meetings Act. There is no right to record a private meeting. Indeed, RCW 9.73.030(1)(b) prohibits the taping of private conversations unless all participants agree. See
AGO 1994 No. 18. This puts the decision about recording into the hands of the participants at the meeting or the county legislative body which could adopt a policy on this issue. For example, in Op. Att'y Gen. 92-241 (Ark. 1992), the Arkansas Attorney General concluded that departmental faculties are not governing bodies subject to the state's Freedom of Information Act and that no other law required department faculty meetings to be public. The Attorney General looked to other applicable regulations of the University stating:
 The second part of your inquiry focuses on whether a faculty member may be prohibited from taping such departmental faculty meetings. Assuming, as an initial matter, that the FOIA is inapplicable to such meetings based on the foregoing discussion, the issue becomes whether another state statute guarantees the right to record such a meeting. I am unaware of any such statute. Applicable regulations of the University may address the issue, however, and should therefore be consulted as well. The University Handbook, for example, indicates that each college and school faculty shall make its own rules of procedure, provided that they not be in conflict with the rules and regulations of the Campus Faculty (Handbook, at 30). While there appears to be no similar provision in the Handbook with regard to departmental faculties, such a regulation may support the proposition that a particular departmental faculty can decide for itself whether to permit recording of its own meetings.
Op. Att'y Gen. No. 92-241 (Ark. 1992). Thus, we conclude that the county legislative body may ban the use of recording devices in private meetings of county officials.
We trust the foregoing opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
WILLIAM B. COLLINS Sr. Assistant Attorney General
[1] "It is, therefore, the decision of the Attorney General that a regulation, rule, or policy of a public body which uniformly prohibits the tape recording of a public meeting is arbitrary, capricious, restrictive, and unreasonable and a person should be permitted to tape record a public meeting so long as that person and his or her taping equipment do not interfere with the orderly conduct of the public meeting."
[2] "It follows that barring members of the press from using their professional tools, tape recorders and cameras, in public meetings would frustrate the underlying purposes and objectives of the Open Meeting Act."
[3] "[I]t is the opinion of this Office that, under the Freedom of Information Act, recording a public meeting of a public body by means of a home video camera would be permitted, assuming that such recording is done in a manner non-disruptive to the public meeting."
[4] "I would read Wisconsin's `open meetings' law, absent any support from decisions such as Nevens and Sudol, to allow for recording open meetings."
[5] "A municipality may not prohibit a citizen from video taping the meetings of the city council through the use of nondisruptive video recording devices."
[6] "There may well be reasonable restrictions which could lawfully be imposed, e.g., those designed (i) to preserve the orderly conduct of a meeting by controlling noise levels, spatial requirements and the like. . . ."
[7] "While members of the press cannot lawfully be prevented from using tape-recorders and cameras while covering the meetings of trustees of public trusts, nevertheless . . . all public bodies have the inherent power to maintain decorum and order in their meetings."
[8] "[A] person should be permitted to tape record a public meeting so long as that person and his or her taping equipment do not interfere with the orderly conduct of the public meeting."
[9] "The need for some subjects to be discussed in closed sessions is apparent and the Legislature recognized the importance thereof. To permit such private proceedings to be recorded against the desires of the majority of the Board would, we think, weaken or at times destroy the privacy required by an executive session."
[10] "While it is my opinion that a Dentistry Examining Board member has a right to tape-record an open meeting of the Board in a nondisruptive fashion, I do not believe he has such right as to a meeting of the Board convened `in closed session' under sec. 19.85(1), Stats. The Legislature, in conferring on governmental bodies the power to hold closed meetings for certain carefully defined purposes, clearly intended that no one should have the right to report a closed meeting under circumstances that might mean that its private and secret nature could be violated."
[11] For example, at the state level RCW 34.05.449(5) requires adjudicative hearings to be open to public observation even though RCW 42.30.140(2) provides that meetings of quasi-judicial bodies related to quasi-judicial matters are excluded from the Open Public Meetings Act.
[12] We caution that the county's authority to ban recording devices must be exercised carefully. If the meeting is open to the public based on a state statute other than the Open Public Meetings Act, the county legislative body's authority would be limited by that state statute. As with the Open Public Meetings Act, the county legislative body could not prohibit recording devices if the state statute provided otherwise. Moreover, the county's authority to ban recording devices may be subject to constitutional limitation. See, e.g., Blackstone v. Alabama,30 F.3d 117 (11th Cir. 1994); Thompson v. City of Clio,765 F. Supp. 1066, 1070 (M.D. Ala. 1991); CBS, Inc., v. Lieberman,439 F. Supp. 862, 865-66 (N.D. Ill. 1976).
[13] We do not, in this opinion, undertake to explain when a particular meeting is a private meeting.